OPINION
{¶ 1} Defendant-appellant, Gary L. Champion, appeals from a judgment of the Franklin County Court of Common Pleas ordering him to pay $42,578.73 in restitution. For the following reasons, we affirm.
 {¶ 2} On March 22, 2005, defendant was indicted on two counts of felonious assault, violations of R.C. 2903.11. Both counts stemmed from defendant's altercation with his wife's ex-boyfriend, Lionel Naphier. Sometime during this altercation, defendant handed his cousin a gun, which the cousin used to shoot Naphier twice.
 {¶ 3} On August 22, 2005, defendant pled guilty to one count of aggravated assault, a violation of R.C. 2903.12. At a subsequent sentencing hearing, the trial court ordered defendant to serve 12 months incarceration and pay restitution. Because defendant objected to the imposition of restitution, the trial court held a separate hearing on that matter.
 {¶ 4} During the restitution hearing, defense counsel stipulated to the medical bills the state presented to prove the costs Naphier incurred for the treatment of his gunshot wounds. The medical bills, which the trial court accepted into evidence as court's exhibit No. 1, total $40,658.73.[1] As defense counsel refused to stipulate to the amount of wages Naphier lost during his recuperation period, the state called Naphier as a witness. Naphier testified that his wounds prevented him from working for six weeks, during which he lost $1,920 in wages. After the close of evidence, the trial court imposed restitution in the amount of $42,578.73. On November 15, 2005, the trial court reduced this decision to judgment.
 {¶ 5} Defendant now appeals and assigns the following assignment of error:
The trial court erred in ordering Appellant to pay restitution in the amount of $42,578.73, when the principle offender was not ordered to share the restitution cost, when the victim's conduct substantially contributed to his injuries, and when the record did not support the amount of restitution.
 {¶ 6} By his only assignment of error, defendant contends the trial court erred in setting the amount of restitution. We disagree.
 {¶ 7} R.C. 2929.18(A)(1) authorizes a trial court to order an offender to pay restitution in an amount based on the victim's economic loss. Specifically, R.C. 2929.18(A)(1) states that "the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense." The state must prove the amount of this economic loss with competent, credible evidence from which the trial court can calculate the amount of restitution within a reasonable degree of certainty.State v. Aliane, Franklin App. No. 03AP-840, 2004-Ohio-3730, at ¶ 14.
 {¶ 8} In the case at bar, defendant contends that the restitution order of $42,578.73 exceeds the amount of Naphier's economic loss because the medical bills in the record total, at most, only $34,865.24. Defendant, however, is incorrect regarding the state of the record. At the restitution hearing, defense counsel stipulated to the medical bills contained in court's exhibit No. 1, which total $40,658.73. Parties are bound as to all matters of fact and law agreed to in a stipulation. State v.Folk (1991), 74 Ohio App.3d 468, 471. Thus, the stipulation served as sufficient basis for the trial court to find that Naphier's economic loss included $40,658.73 in medical bills. Combined with Naphier's lost wages of $1,920, Naphier's total economic loss is $42,578.73 — the exact amount of restitution the trial court ordered defendant to pay. Consequently, we conclude that the trial court did not err in calculating the amount of restitution.
 {¶ 9} Next, defendant argues that the trial court should have split the amount of restitution between defendant and his cousin, as both were responsible for Naphier's injuries. Defendant also argues that the trial court should have reduced the amount of restitution because Naphier was partially responsible for his injuries in that he provoked the shooting. We find both arguments unavailing. Even if we were to assume that sufficient evidence exists in the record to prove the factual underpinnings of these arguments, the law does not support either argument. Nothing in R.C. 2929.18(A)(1) requires a trial court to allocate restitution based upon relative culpability. Rather, the only restraint upon a trial court's award of restitution is that the amount of restitution must not exceed the victim's economic loss. As we have concluded above, the trial court's award of restitution in the case at bar satisfies that statutory requirement. Accordingly, we concluded that the trial court did not err in ordering restitution in the amount of $42,578.73, and thus, we overrule defendant's assignment of error.
 {¶ 10} For the foregoing reasons, we overrule defendant's sole assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Brown and McGrath, JJ., concur.
[1] This amount includes: (1) $1,058.20 owed to Midwest Physician Anesthesia Services, Inc., (2) $183 due to Ohio Orthopedic Center of Excellence, (3) $550 due to Physical Medicine Association, Inc., (4) $32,945.24 due to Riverside Methodist Hospital, and (5) $5,922.29 due to Riverside Trauma Surgeons.