OPINION
{¶ 1} Defendant-appellant, Ralph Hinkle, appeals from a judgment of conviction and sentence entered by the Franklin County Court of Common Pleas pursuant to appellant's plea of guilty to one count of attempted kidnapping.
 {¶ 2} The Franklin County Grand Jury indicted appellant on two counts of kidnapping, violations of R.C. 2905.01 and felonies of the first degree, and one count of *Page 2 
attempted gross sexual imposition, a violation of R.C. 2923.02 and a felony of the fourth degree. Two girls, sisters aged seven and eight, accused appellant of successively accosting them at their elementary school and telling them that a teacher needed to see them. Appellant allegedly took each, in turn, to a boiler room of the school. The seven-year-old claimed that appellant slapped her across the face. The eight-year-old alleged that he attempted to remove her pants. Both children stated that they were able to escape.
 {¶ 3} Appellant was apprehended some time later, and the two accusers separately identified him without hesitation from photo lineups.
 {¶ 4} Appellant initially entered a plea of not guilty by reason of insanity pursuant to R.C. 2943.03(E) and Crim. R. 11(A). After referral for a forensic psychiatric examination, the court found appellant competent to stand trial.
 {¶ 5} Trial counsel then negotiated a plea agreement under which appellant pleaded guilty to one count of attempted kidnapping without the sexual specifications. Discussion between counsel at the plea hearing indicates that the younger of the two accusers may have recanted. (Tr. 22-23.) During the course of the plea hearing, the trial court engaged in a full and thorough recitation of the rights appellant was waiving by pleading guilty, including his right against self-incrimination, the right to trial by jury, the right to confront witnesses against him, the right to compulsory appearance of witnesses, and the right to place the burden upon the state of proving his guilt beyond a reasonable doubt. The court further informed appellant of the nature of the charges against him and the potential sentence, including the fact that his guilty plea could result in revocation of his current parole on prior offenses. *Page 3 
 {¶ 6} During the course of the sentencing hearing, appellant, while generally denying that he had committed the acts with which he was charged, stated that he had no recollection of events at the time and place in question. Because this arguably changed appellant's guilty plea to an "Alford" plea (North Carolina v. Alford [1970], 400 U.S. 25), under which he maintained his innocence yet acknowledged that the state could present sufficient evidence for conviction, the court conducted the additional inquiry required by such a plea. The court ascertained that the plea was voluntarily and intelligently made and entered to avoid the consequences of a more serious likely outcome if the case were to go to trial. The court then sentenced appellant to the maximum sentence of eight years incarceration.
 {¶ 7} Upon appeal, counsel for appellant has entered a brief, pursuant to Anders v. California (1967), 386 U.S. 738, 741-744, in which counsel acknowledges that after full examination of the record, the case presents no non-frivolous arguments to support reversal of the trial court's judgment. In compliance with Anders, counsel recounts his comprehensive examination of the record for possible error, describes possible issues that might be raised and why they are without likely merit in this case, and invites this court to conduct its own independent examination of the record to determine whether colorable issues exist that would require appointment of new appellate counsel to brief and argue them. Anders at 744.
 {¶ 8} Our independent examination of the record in this case confirms that only two apparent avenues exist to challenge the trial court's judgment of conviction. We have concluded, however, that neither ultimately raises non-frivolous issues to be addressed in this appeal. *Page 4 
 {¶ 9} First, appellant might challenge the voluntariness of his guilty plea. The transcript of the hearings in this case, however, demonstrate that the trial court fully developed all required Crim. R. 11 issues in its colloquy with appellant, advising him of the rights he forfeited by pleading guilty and of the likely consequences of his plea. In addition, the trial court sufficiently examined appellant regarding the nature of his Alford plea and determined that it was not the result of coercion, that counsel was present, that counsel's advice was competent in light of the circumstances surrounding the indictment, that the plea was made with the understanding of the nature of the charges, and that appellant was motivated by a desire to avoid a harsher penalty or other consequences of a jury trial. See, e.g., State v. Piacella (1971), 27 Ohio St.2d 92, paragraph one of the syllabus.
 {¶ 10} The other possible challenge to appellant's conviction would be an assertion that he received ineffective assistance of trial counsel before entering his plea. In order to establish a claim of ineffective assistance of counsel, a defendant must first demonstrate that his trial counsel's performance was so deficient that it was unreasonable under prevailing professional norms. Strickland v. Washington (1984),466 U.S. 668, 687-688. The defendant must then establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.
 {¶ 11} The record does not support any finding that trial counsel was ineffective. Appellant's guilty plea represents a very substantial reduction from the possible penalties he would have faced had he gone to trial on even one of the attempted *Page 5 
kidnapping charges involving a child under the age of 13 with sexual specifications. Nothing in the record indicates that trial counsel's representation fell below prevailing professional norms in securing this plea bargain and advising appellant to accept it.
 {¶ 12} In summary, after independent review of the record, we find no error in the trial court's judgment of conviction and sentence pursuant to appellant's guilty plea. Appellate counsel's Anders brief correctly concludes that he can raise no non-frivolous arguments in support of reversal. The judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
 McGRATH, P.J., and SADLER, J., concur. *Page 1