OPINION
{¶ 1} Appellant, Diane K. Silbaugh, appeals from the June 3, 2008 judgment entry of the Portage County Court of Common Pleas, in which she was ordered to make restitution to the Animal Protection League ("APL") in the amount of $24,363.74, and transfer ownership of the horses to the APL.
 {¶ 2} On March 13, 2008, appellee, the state of Ohio, filed a bill of information against appellant, alleging one count of grand theft, a felony of the fourth degree, in *Page 2 
violation of R.C. 2913.02; one count of forgery, a felony of the fifth degree, in violation of R.C. 2913.31(A)(2); and ten counts of cruelty to animals, misdemeanors of the second degree, in violation of R.C. 959.13.[1]
 {¶ 3} A plea hearing was held on March 18, 2008.
 {¶ 4} Appellant filed a waiver of indictment, a waiver of trial by jury, and a written plea of guilty to the charges contained in the bill of information. The state amended count twelve, cruelty to animals, by deleting the following language: "did knowingly torture, unnecessarily or cruelly beat, needlessly mutilate or kill." The trial court accepted appellant's guilty plea and the amendment to count twelve. The matter was referred to the Adult Probation Department and sentencing was deferred to a later date.
 {¶ 5} A sentencing hearing was held on March 26, 2008.
 {¶ 6} Pursuant to its March 28, 2008 judgment entry, the trial court sentenced appellant on the grand theft and forgery counts to six months in jail, with credit for 32 days, to run concurrent to one another. With regard to the ten counts of cruelty to animals, the trial court sentenced appellant to 90 days in jail, to run concurrent to one another and concurrent to the grand theft and forgery sentence. Appellant was placed under the general control of the Adult Probation Department for a period of five years or until the court has been notified that she has satisfied all conditions of community control. The trial court specified that appellant shall not own or board any horses while on probation and shall serve 100 hours of community service. The trial court notified *Page 3 
appellant that if she violates the terms of community control, she will serve a specific term of 17 months for the felony four and 11 months for the felony five, concurrent.
 {¶ 7} A hearing was held on April 7, 2008 regarding horse ownership.
 {¶ 8} A restitution hearing took place on June 2, 2008.
 {¶ 9} Pursuant to its June 3, 2008 judgment entry, the trial court ordered appellant to make restitution to the APL in the stipulated amount of $24,363.74, to be considered a term of her probation, as well as transfer and relinquish ownership of the horses to the APL. It is from that judgment that appellant filed a timely notice of appeal and asserts the following assignments of error for our review:[2]
 {¶ 10} "[1.] The trial court had no jurisdiction to enter its order dated June 3, 2008.
 {¶ 11} "[2.] It was plain error for [the] court to order restitution to the Portage County Animal Protective League.
 {¶ 12} "[3.] The defendant did not receive proper counsel, and defendant's counsel was ineffective in that he did not rightfully raise the issue that the Portage County Animal Protective League was not entitled to restitution, as a matter of law and in failing to raise the court's lack of jurisdiction."
 {¶ 13} In her first assignment of error, appellant argues that the trial court had no jurisdiction to enter its order dated June 3, 2008.
 {¶ 14} In her second assignment of error, appellant contends that it was plain *Page 4 
error for the court to order restitution to the APL.
 {¶ 15} Because appellant's first and second assignments of error are interrelated, we will address them in a consolidated fashion.
 {¶ 16} This court reviews an order of restitution for abuse of discretion. State v. Berman, 8th Dist. No. 79542, 2002-Ohio-1277, at ¶ 6, citing State v. Marbury (1995), 104 Ohio App.3d 179. "The term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151, 157. The term is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record. See, e.g., State v. Ferranto
(1925), 112 Ohio St. 667, 676-678.
 {¶ 17} R.C. 2929.18 and 2929.28 provide trial courts with guidance on ordering restitution for felony and misdemeanor offenses respectively. R.C. 2929.18(A)(1) and 2929.28(A)(1) authorize trial courts to impose an order of restitution based on the amount of the victim's economic loss.
 {¶ 18} R.C. 2929.18(A)(1) provides in pertinent part: "[i]f the court imposes restitution, the court shall order that the restitution be made to the victim in open court, to the adult probation department that serves the county on behalf of the victim, to the clerk of courts,or to another agency designated by the court." (Emphasis added.)
 {¶ 19} Pursuant to Crim. R. 52(B), in order to prevail on a plain error analysis, the defendant bears the burden of demonstrating that the outcome clearly would have been different but for the error. State v.Long (1978), 53 Ohio St.2d 91, paragraph two of the syllabus. Even if the defendant satisfies the burden of demonstrating that a plain error affected his substantial rights, an appellate court has discretion to disregard the error *Page 5 
and should correct it only to "prevent a manifest miscarriage of justice." Id. at paragraph three of the syllabus.
 {¶ 20} In the case at bar, at the March 26, 2008 sentencing hearing, the trial court stated appellant's sentence and indicated that restitution would be determined. Appellant did not file her appeal based on that entry, as it was not a final appealable order. Due to appellant's husband's claims to the horses, a hearing was held on April 7, 2008 regarding horse ownership. A restitution hearing took place on June 2, 2008.
 {¶ 21} The plain language of R.C. 2929.18(A)(1) and 2929.28(A)(1) makes restitution available only to actual victims of an offense. Appellant is correct that the APL is not the "actual victim." However, at the restitution hearing, appellant, who was represented by counsel, stipulated $24,363.74 was the amount of restitution due and owing to the APL. Thus, the stipulation served as a sufficient basis for the trial court, pursuant to its June 3, 2008 judgment entry, to order appellant to pay restitution in the amount of $24,363.74 to the APL. See State v.Stewart, 3d Dist. No. 16-08-11, 2008-Ohio-5823, at ¶ 12-13; State v.Champion, 10th Dist. No. 05AP-1276, 2006-Ohio-4228, at ¶ 8. The trial court had jurisdiction to enter its June 3, 2008 judgment entry. That entry is a final appealable order, to which appellant bases her instant appeal.
 {¶ 22} Further, even assuming arguendo that the trial court did not have jurisdiction to enter its June 3, 2008 judgment entry ordering restitution to be paid to the APL, again, appellant stipulated $24,363.74 was the amount of restitution due and owing to the APL. We note that parties are bound as to all matters of fact and law agreed to in a stipulation. State v. Folk (1991), 74 Ohio App.3d 468, 471. Thus, any error would be invited error by appellant and not properly before us. "Under the invited-error *Page 6 
doctrine, `(a) party will not be permitted to take advantage of an error which he himself invited or induced.'" State v. Bey (1999),85 Ohio St.3d 487, 493. (Citations omitted.)
 {¶ 23} Appellant's first and second assignments of error are without merit.
 {¶ 24} In her third assignment of error, appellant alleges that her counsel was ineffective in that he did not rightfully raise the issue that the APL was not entitled to restitution, and failed to raise the court's lack of jurisdiction. She maintains that her counsel was ineffective by failing to object to the award of restitution.
 {¶ 25} Strickland v. Washington (1984), 466 U.S. 668, 687, states:
 {¶ 26} "A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction * * * has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction * * * resulted from a breakdown in the adversary process that renders the result unreliable."
 {¶ 27} "* * * When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." Id. at 687-688. State v. Bradley (1989),42 Ohio St.3d 136, 142, quoting Strickland, supra, at 694, states: "to warrant reversal, *Page 7 
`(t)he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'"
 {¶ 28} In order to prevail on a claim of ineffective assistance of counsel, the defendant has the burden to establish two things: (1) that counsel's performance was deficient, and (2) that counsel's deficiency prejudiced the defense. State v. Reynolds (1998), 80 Ohio St.3d 670,674, citing Strickland, supra, at 687. The defendant must produce evidence that counsel acted unreasonably by substantially violating essential duties owed to the client. State v. Sallie (1998),81 Ohio St.3d 673, 674.
 {¶ 29} A criminal defense attorney owes a duty of care to his client. A "duty" is defined as "[a] legal obligation that is owed or due to another and that needs to be satisfied; an obligation for which somebody else has a corresponding right." Black's Law Dictionary (8 Ed. 2004) 543.
 {¶ 30} Under Strickland as interpreted by Ohio courts, attorneys are presumed competent, reviewing courts must refrain from second-guessing strategic, tactical decisions and strongly assume that counsel's performance falls within a wide range of reasonable legal assistance.State v. Carter (1995), 72 Ohio St.3d 545, 558. See, also, State v.Burley (Aug. 11, 1998), 7th Dist. No. 93-CA-204, 1998 Ohio App. LEXIS 3895, at 9 ("a defendant is not guaranteed the right to the best or most brilliant counsel").
 {¶ 31} Upon demonstrating counsel's deficient performance, the defendant then has the burden to establish prejudice to the defense as a result of counsel's deficiency. Reynolds, supra, at 674. The reviewing court looks at the totality of the evidence and *Page 8 
decides if there exists a reasonable probability that, were it not for serious errors made, the outcome of the trial would have been different.Strickland, supra, at 695-696. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id.
 {¶ 32} "Criminal defense is an art, not a science. Criminal defense attorneys adopt different approaches to their craft, based partly upon the demands of the particular case, and partly upon their own personal characteristics. Ordinarily, defense counsel's particular style of defense is not a basis for a claim of ineffective assistance of counsel." State v. Benton (Jan. 20, 1993), 2d Dist. No. 91 CA 71, 1993 Ohio App. LEXIS 172, at 7. "A lawyer shall act with reasonable diligence and promptness in representing a client." Ohio Prof. Cond. Rule 1.3. (Emphasis sic.)
 {¶ 33} In the instant matter, the record reflects that appellant's counsel negotiated a favorable plea agreement for appellant, despite her gross neglect and maltreatment of multiple horses and a prior conviction for animal cruelty. In addition, as previously addressed in the foregoing assignments of error, appellant stipulated to $24,363.74 as the amount of restitution due and owing to the APL.
 {¶ 34} Pursuant to Strickland, supra, appellant fails to show that her counsel's performance was deficient and that the deficient performance prejudiced the defense. Even assuming arguendo that appellant's counsel's performance was deficient, appellant cannot show that the deficient performance prejudiced the defense. Thus, she cannot show that but for her counsel's unprofessional errors, the result of the proceeding would have been different.
 {¶ 35} Appellant's third assignment of error is without merit. *Page 9 
 {¶ 36} For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Portage County Court of Common Pleas is affirmed. It is ordered that appellant is assessed costs herein taxed. The court finds there were reasonable grounds for this appeal.
CYNTHIA WESTCOTT RICE, J., concurs.
DIANE V. GRENDELL, J., dissents with a Dissenting Opinion.
[1] The following charges were filed due to the discovery of grossly mistreated, severely malnourished, and neglected horses on appellant's property.
[2] On June 5, 2008, appellant, by and through her counsel, filed a motion for judicial release, which was overruled by the trial court without a hearing on June 11, 2008. On June 18, 2008, appellant filed a pro se motion for judicial release. On July 1, 2008, appellant filed a pro se motion for early release. Both motions were overruled by the trial court without a hearing on July 1, 2008. On July 16, 2008, appellant filed another pro se motion for early release, which was overruled by the trial court without a hearing that same date.