[Cite as *State v. Murphy*, 2013-Ohio-5599.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 12AP-952 |
| | | (C.P.C. No. 10CR-03-1753) |
| v. | : | |
| Kevin E. Murphy, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

## D E C I S I O N

Rendered on December 19, 2013

*Ron O'Brien*, **Prosecuting Attorney**, *Steven L. Taylor*, **and** *Valerie B. Swanson*, **for appellee.**

*Shaw & Miller,* **and** *Mark J. Miller,* **for** *appellant; Kevin E. Murphy*, **pro se.**

APPEAL from the Franklin County Court of Common Pleas.

BROWN, J.

{¶ 1} Kevin E. Murphy, defendant-appellant, appeals from a judgment of the Franklin County Court of Common Pleas in which the court found him guilty, pursuant to a plea of guilty, of theft in violation of R.C. 2913.02, a felony of the second degree. Appellant has also filed, pro se, a motion to take judicial notice and an "addendum," which raises additional arguments.

{¶ 2} As pertinent here, from April 11, 2005 to November 29, 2007, appellant participated in a scheme with several partners in which they would submit false loan applications and supporting documents to lenders in order to obtain mortgage loans on properties with inflated values, and then personally retain the excess funds. Appellant was

indicted on 53 counts, including receiving stolen property, money laundering, forgery, tampering with records, engaging in a pattern of corrupt activity, theft, and attempted theft.

{¶ 3} On July 31, 2012, appellant pled guilty to the stipulated lesser-included offense of theft, a second-degree felony. On October 11, 2012, the trial court held a sentencing hearing at which appellant and his counsel presented evidence in mitigation. The trial court issued a judgment on October 12, 2012 in which the court sentenced appellant to a term of incarceration of six years, ordered a three-year period of post-release control, and ordered restitution of $240,000 to Century Company and $116,162.40 to Sand Canyon Corporation.

{¶ 4} Appellant appealed to this court. Appellant's appellate counsel, however, has filed a brief, pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that he could find no meritorious issues for appellate review, and has moved to withdraw as counsel. We notified appellant of his appellate counsel's representations and afforded him time to file a pro se brief. Appellant filed such a brief. This case is now before us for our independent review of the record to decide whether the case is wholly frivolous. *See Penson v. Ohio*, 488 U.S. 75 (1988); *In re D.M.C.*, 10th Dist. No. 09AP-484, 2009-Ohio-6667, ¶ 10.

{¶ 5} Appellate counsel has identified the following potential assignments of error:

> [I]. Appellant's sentence of six years is not consistent with sentences imposed for similar crimes committed by similar offenders, as required by R.C. 2929.11.
>
> [II.] The trial court's order of restitution was not based on the victim's actual economic loss, not based on competent and credible evidence in the record, and did not bear a reasonable relationship to the loss suffered.
>
> [III.] Under *Anders v. California*, the court is obligated to review the transcript for any non-frivolous issues or errors that could be appealed.

{¶ 6} Additionally, appellant's pro se brief presented the following assignments of error, which we renumber sequentially for ease of reference:

[IV.] The Prosecutor committed misconduct against the Defendant-Appellant by giving false statements at his mitigation hearing before the Judge concerning Appellant's conduct and how much money Appellant was suppose to have made off of the illegal deals.

[V.] The trial court erred to the prejudice of the Defendant-Appellant by not accepting any of the mitigating circumstances presented by trial counsel for the purpose of sentencing pursuant to O.R.C. 2929.14.

{¶ 7} In *Anders*, the United States Supreme Court held that if, after a conscientious examination of the record, a defendant's counsel concludes that the case is wholly frivolous, she should so advise the court and request permission to withdraw. *Id.* at 744. Counsel must accompany her request with a brief identifying anything in the record that could arguably support the client's appeal. *Id.* Counsel also must: (1) furnish the client with a copy of the brief and request to withdraw, and (2) allow the client sufficient time to raise any matters that the client chooses. *Id.*

{¶ 8} Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to decide whether the case is wholly frivolous. *Penson* at 80, citing *Anders* at 744. After fully examining the proceedings below, if we find only frivolous issues on appeal, we then may proceed to address the case on its merits without affording appellant the assistance of counsel. *Id.* However, if we conclude that there are non-frivolous issues for appeal, we must afford appellant the assistance of counsel to address those issues. *Anders* at 744; *Penson* at 80.

{¶ 9} Here, appellant's counsel satisfied the requirements in *Anders*. Appellant filed a pro se brief. Accordingly, we will examine the potential assignments of error, as well as appellant's pro se assignments of error, and the entire record below to determine if this appeal lacks merit.

{¶ 10} We will address appellant's first and fifth assignments of error together, as they are related. Appellant argues in his first assignment of error that his sentence of six years was not consistent with sentences imposed for similar crimes committed by similar offenders as required by R.C. 2929.11(B). Specifically, appellant contends that co-defendant Ben Tubbs was found guilty of substantially the same conduct as appellant but

the court sentenced Tubbs to four years of incarceration with consideration of judicial release after 27 months. Appellant further points out that co-defendants Karl Mullins and Karen Axline were also sentenced to under four years of incarceration each.

{¶ 11} Appellant argues in his fifth assignment of error that the trial court erred when it did not accept any of the mitigating circumstances presented by trial counsel for the purpose of sentencing. Appellant contends that his co-defendants received much lower sentences, the court received a letter from an Assistant United States Attorney General indicating that he cooperated in a federal case, he did not have a bad prior record, he showed remorse, he took full responsibility for his actions, he was not the principal offender in this case, he had no idea he was breaking the law, and he attempted to mitigate the financial impact of his mortgage fraud by arranging short sales.

{¶ 12} "We review a trial court's sentence to determine if it is clearly and convincingly contrary to law." *State v. Green*, 10th Dist. No. 10AP-934, 2011-Ohio-6451, ¶ 7, citing *State v. Burton*, 10th Dist. No. 06AP-690, 2007-Ohio-1941, ¶ 19; R.C. 2953.08(G). In applying this standard, we look to the record to determine whether the sentencing court considered and properly applied the non-excised statutory guidelines and whether the sentence is otherwise contrary to law. *Id.*, citing *State v. Carse*, 10th Dist. No. 09AP-932, 2010-Ohio-4513, ¶ 60; *Burton*. We are also cognizant of the two-step standard of review set forth by a plurality of the Supreme Court of Ohio in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, which asks (1) whether the trial court adhered to all applicable rules and statutes in imposing the sentence, and (2) whether a sentence within the permissible statutory range constitutes an abuse of discretion. Under either standard of review, the trial court did not err when it imposed its sentence.

{¶ 13} Appellant challenges the trial court's adherence to R.C. 2929.11(B), which requires an offender's sentence be consistent with sentences imposed for similar crimes committed by similar offenders. The Supreme Court observed in *Kalish* that "R.C. 2929.11 and 2929.12 * * * are not fact-finding statutes like R.C. 2929.14." *Id.* at ¶ 17. In the present case, the trial court's judgment entry states that it has considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the factors set forth in R.C. 2929.12. This court has determined that such language in the judgment entry belies a claim that the trial court failed to consider the purposes and principles of sentencing.

*State v. Reeves*, 10th Dist. No. 09AP-493, 2010-Ohio-4018, ¶ 16; *State v. Peterson*, 10th Dist. No. 12AP-646, 2013-Ohio-1807, ¶ 31. Furthermore, in order to demonstrate a sentence is inconsistent or disproportionate under R.C. 2929.11(B), a defendant "must demonstrate the trial court failed to properly consider the statutory sentencing factors and guidelines found in R.C. 2929.11 and 2929.12." *State v. McMichael*, 10th Dist. No. 11AP-1042, 2012-Ohio-3166, ¶ 42, citing *State v. Hayes*, 10th Dist. No. 08AP-233, 2009-Ohio-1100, ¶ 9; *State v. Holloman*, 10th Dist. No. 07AP-875, 2008-Ohio-2650, ¶ 19. As explained above, however, appellant has failed to make this showing given the statements made by the trial court in its entry.

{¶ 14} Notwithstanding, the consistency requirement under R.C. 2929.11 does not necessarily mean uniformity; rather, consistency has a goal of similar sentences for similar offenses. *See State v. Battle*, 10th Dist. No. 06AP-863, 2007-Ohio-1845. As a result, consistency includes a range of sentences, taking into consideration a trial court's discretion to weigh the relevant statutory factors. *Id.* Even though offenses may be similar, "distinguishing factors may justify dissimilar sentences." *Id.* at ¶ 24.

{¶ 15} In addition, consistency in sentencing does not result from a case-by-case comparison, but by the trial court's proper application of the statutory sentencing guidelines. *State v. Hall*, 179 Ohio App.3d 727, 2008-Ohio-6228, ¶ 10 (10th Dist.). An offender cannot simply present other cases in which an individual convicted of the same offense received a lesser sentence to demonstrate that his sentence is disproportionate. *Hayes* at ¶ 10, citing *Battle* at ¶ 23. Rather, to demonstrate that a sentence is inconsistent, an offender must show that the trial court did not properly consider applicable sentencing criteria found in R.C. 2929.11 and 2929.12. *Holloman* at ¶ 19; *Battle* at ¶ 21-22.

{¶ 16} Here, the record demonstrates that the trial court properly considered the statutory factors and guidelines in R.C. 2929.11 and 2929.12 before imposing appellant's sentence. Although the record before us does not reveal many details of appellant's co-defendants, the State of Ohio, plaintiff-appellee, indicated at sentencing that the co-defendants had received sentences ranging from community control up to about four years and 11 months in prison. Appellant's counsel indicated that seven of the ten co-defendants received either diversion or probation, and Tubbs, Axline, and Mullins received sentences under four years, with Mullins and Axline already being granted

judicial release. At the sentencing hearing, the state detailed why appellant deserved a harsher sentence than his co-defendants. The state asserted that appellant still did not understand the wrongfulness of his conduct, while the co-defendants expressed that they understood and admitted the wrongfulness of their actions. The co-defendants also admitted that they lied to the lender, it was not the bank's fault, and they did it to make money. The state said that Tubbs owned up to his conduct and the harm he caused, and Mullins admitted his involvement and wanted to be honest about it. Even appellant's own attorney said at sentencing that he had explained to appellant why his activities were illegal a dozen times, but appellant refused to understand why it was illegal, and refused to express regret for defrauding the banks.

{¶ 17} At the sentencing hearing, the trial court indicated why appellant and some of his co-defendants were not similar offenders. The trial court found that appellant had an "extremely significant" role in the fraud. The court indicated that it was mindful that appellant was cooperative in a federal case against another defendant, but the letter from the Assistant United States Attorney General regarding appellant's cooperation was dated the day before the sentencing hearing, thereby diluting the sincerity of appellant's actions. The court concluded that appellant's offense was very serious and very significant. Therefore, for the same reasons as cited by the trial court, we find the court's sentence was consistent with sentences imposed for similar crimes committed by similar offenders, as required by R.C. 2929.11(B).

{¶ 18} Furthermore, with regard to the other claimed mitigating factors, R.C. 2929.12(C)(4) does " 'not require [ ] "* * * that any certain weight be given to potentially mitigating circumstances; instead, the trial court, in exercising its sentencing discretion, determines the weight afforded to any particular statutory factors, mitigating grounds, or other relevant circumstances." ' " *State v. Todd*, 10th Dist. No. 06AP-1208, 2007-Ohio-4307, ¶ 23, quoting *State v. Andrukat*, 5th Dist. No. 2002CA00352, 2003-Ohio-2643, ¶ 39, quoting *State v. Pitt*, 3d Dist. No. 16-02-01, 2002-Ohio-2730, ¶ 12. Here, the trial court indicated it considered R.C. 2929.12, and there is nothing in the record to suggest that the court failed to consider the mitigating factors appellant presented. Of note, the trial court could have easily refused to accept appellant's claim that he was remorseful,

given the statements by the prosecutor and his own counsel. For these reasons, we find appellant's first and fifth assignments of error are frivolous.

{¶ 19} Appellant argues in his second assignment of error that the trial court's order of restitution in the amount of $356,162.40 was not based on the victim's actual economic loss, not based on competent and credible evidence in the record, and did not bear a reasonable relationship to the loss suffered. Appellant maintains there is no evidence in the record from which the court could ascertain this amount of restitution. However, appellant's trial counsel specifically agreed to the amount of restitution at the sentencing hearing and then signed the restitution form, acknowledging his approval thereof. Under the doctrine of invited error, an appellant cannot attack a judgment based on error the appellant induced the court to commit or for which the appellant is actively responsible. *In re J.B.*, 10th Dist. No. 11AP-63, 2011-Ohio-3658, ¶ 10, citing *Daimler-Chrysler Truck Fin. v. Kimball*, 2d Dist. No. 2007-CA-07, 2007-Ohio-6678, ¶ 40. Under this principle, a party may not complain about an action taken by the court in accordance with the party's own suggestion or request. *Id.* To the extent that appellant's counsel consented to the restitution amount order by the trial court, we find no error with respect to the same. *See, e.g.*, *State v. Silbaugh*, 11th Dist. No. 2008-P-0059, 2009-Ohio-1489, ¶ 22 (appellant's stipulation to the amount of restitution constituted invited error). Therefore, appellant's second assignment of error is frivolous.

{¶ 20} Appellant argues in his third assignment of error that, under *Anders*, this court is obligated to review the transcript for any non-frivolous issues or errors that could be appealed. We agree and have independently reviewed the record for such.

{¶ 21} Appellant argues in his fourth assignment of error that the prosecutor committed misconduct by giving false statements at his mitigation hearing concerning appellant's conduct and how much money appellant made from the illegal deals. We first note that appellant did not object to any statements made by the prosecutor at the mitigation hearing. Therefore, he has waived all but plain error. *See State v. Mitts*, 8th Dist. No. 68612, 2002-Ohio-7457, ¶ 29 (defendant waived all but plain error with respect to claims of prosecutorial misconduct during mitigation phase of capital murder trial, where defendant failed to object to prosecutorial comments at trial). Notwithstanding, appellant presents numerous contentions to support his argument. Appellant contends

that the evidence produced by the state "at trial" was insufficient to sustain a conviction against appellant on the crime of theft because the state did not establish the essential elements of the crime beyond a reasonable doubt; that is, the state indicated he stole in excess of $1,200,000 from his clients, but the scheme netted only $500,000 in proceeds. He claims that the $500,000 in proceeds were divided with his two other business partners, with appellant receiving only $165,600 and most of that money being spent on home repairs and mortgage payments. Appellant also claims that, during mitigation, the state used a false statement by Lee Ann Carrico, a homeowner who received mortgage assistance from appellant and lost her home based upon his actions. However, appellant attempts to support his claim with facts that are either unsupported by the record or without citation to the record. Because appellant plead guilty prior to trial, the record contains little evidence to support appellant's contentions that the prosecutor's statements amounted to misconduct. Therefore, we find no plain error in this respect.

{¶ 22} Appellant also contends that his due process rights were violated by the prosecutor's interviewing techniques in interviewing two or more prospective witnesses at the same time. The trial court addressed this issue at the February 7, 2011 hearing. The court indicated that it might have listened to a recording of the wrong interview because it heard nothing untoward in the audio it reviewed, but, nevertheless, the issue was one for cross-examination rather than dismissal of the case. Notwithstanding, because appellant eventually plead guilty, the interviewing technique used by the prosecutor is immaterial. Whether the prosecutor inappropriately questioned the witnesses was material only to the state's attempt to prove appellant's guilt at trial. In addition, there is nothing in the record to support appellant's contention. Although appellant presented this argument in a motion to dismiss, the motion was not accompanied by any evidence to support it, and apparently the trial court reviewed the wrong recording prior to the hearing on the motion. The record before us, therefore, is insufficient to demonstrate any prosecutorial misconduct, in this regard. For these reasons, we find no plain error, and appellant's fourth potential assignment of error is frivolous.

{¶ 23} Appellant has also filed, pro se, a motion to take judicial notice of certain "facts" to support his underlying appeal. Pursuant to Evid.R. 201, a court, including an appellate court, may take judicial notice of adjudicative facts at any stage in the

proceedings. *State v. Telshaw*, 195 Ohio App.3d 596, ¶ 18 (7th Dist.2011). The only type of facts subject to judicial notice are those not subject to reasonable dispute. *Id.*, citing Evid.R. 201(B). Even if a fact is capable of being recognized under judicial notice, an appellate court will not take judicial notice if the fact should have been raised with the trial court. Appellate courts are limited by the record before them. *Brown v. Cleveland*, 66 Ohio St.2d 93, 98 (1981).

{¶ 24} After a review of appellant's motion, we deny it. Appellant requests that we take judicial notice of prosecutorial misconduct, discovery violations, ineffective assistance of trial counsel, and error in the trial court's restitution order. These are issues subject to reasonable dispute and contain new facts apparently not before the trial court. Thus, these "facts" do not fall within the purview of Evid.R. 201, and we deny appellant's motion.

{¶ 25} Appellant has also filed a pro se "addendum," which seems to raise several new arguments. However, this addendum was filed in this court on October 16, 2013, far beyond the time allowed for filing briefs. Therefore, we disregard the contentions raised in appellant's addendum and deny any motion contained therein.

{¶ 26} After our independent review of the record, we are unable to find any non-frivolous issues for appeal, and we agree that the issues raised in appellant's *Anders* brief and his own pro se brief are not meritorious. Accordingly, we find no error in the trial court's judgment of conviction and sentence. *See State v. Hinkle*, 10th Dist. No. 07AP-911, 2008-Ohio-4002, ¶ 12. We grant appellate counsel's motion to withdraw. We deny appellant's motion to take judicial notice and disregard his "addendum." The judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

CONNOR and DORRIAN, JJ., concur.

_____