[Cite as *State v. Murphy*, 2015-Ohio-4282.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                  :

      Plaintiff-Appellee,                 :                    No. 15AP-460
                                                                                 (C.P.C. No. 10CR-1753)

v.                                                  :

                                                                              (REGULAR CALENDAR)

Kevin E. Murphy,                            :

      Defendant-Appellant.            :

---

D E C I S I O N

Rendered on October 15, 2015

---

*Ron O'Brien*, Prosecuting Attorney, and *Valerie Swanson*, for appellee.

*Kevin E. Murphy*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, Kevin E. Murphy, pro se, appeals from a decision and entry of the Franklin County Court of Common Pleas denying his motion for postconviction relief and denying his motion for leave to file a supplement to his postconviction motion. For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} By indictment filed March 22, 2010, plaintiff-appellee, State of Ohio, charged Murphy with 1 count of engaging in a pattern of corrupt activity, in violation of R.C. 2923.32, a first-degree felony; 1 count of theft, in violation of R.C. 2913.02, a first-degree felony; 6 counts of receiving stolen property, in violation of R.C. 2913.51, all third-degree felonies; 21 counts of receiving stolen property, in violation of R.C. 2913.51, fourth-

degree felonies; 16 counts of money laundering, in violation of R.C. 1315.55, third-degree felonies; 4 counts of forgery, in violation of R.C. 2913.31, third-degree felonies; 3 counts of tampering with records, in violation of R.C. 2913.42, third-degree felonies; and 1 count of attempted theft, in violation of R.C. 2923.02 and 2913.02, a third-degree felony.  All 53 counts in the indictment related to Murphy's participation in a scheme in which Murphy or one of his co-conspirators would submit fraudulent loan applications and documents to lenders, obtain mortgage loans on properties with inflated values, and then personally retain the excess funds.

{¶ 3}  After initially entering a not guilty plea and proceeding to trial, Murphy changed his plea on July 31, 2012, before the jury returned a verdict, and entered a guilty plea to Count 2 of the indictment, the stipulated lesser included offense of theft as a second-degree felony.  In exchange for his guilty plea on the theft charge, the state dismissed the other 52 felony counts contained in the indictment.  Murphy's plea agreement stated the parties "jointly recommended" that the state would "request no more than seven (7) years," and that Murphy would "argue for community control."

{¶ 4}  At an October 11, 2012 sentencing hearing, the trial court imposed a sentence of six years imprisonment and ordered Murphy to pay $356,162.40 in restitution.  The trial court journalized Murphy's conviction and sentence in an October 12, 2012 judgment entry.

{¶ 5}  Murphy appealed his conviction to this court.  In his direct appeal, Murphy's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Murphy filed a pro se brief raising additional arguments.  After filing his pro se brief, Murphy additionally filed a motion for judicial notice and an addendum raising even more arguments.  In a December 19, 2013 decision, this court affirmed Murphy's conviction and sentence.  *State v. Murphy*, 10th Dist. No. 12AP-952, 2013-Ohio-5599. This court overruled all the assignments of error and, after conducting our own independent review of the record, found there were no non-frivolous issues for appeal. *Id.* at ¶ 26.  Further, this court denied Murphy's motion for judicial notice, finding Murphy raised numerous disputed issues including a request that the court take notice of the alleged ineffectiveness of Murphy's trial counsel.  *Id.*  We also rejected Murphy's

addendum to the brief because he filed the addendum "far beyond the time allowed for filing briefs."  *Id.* at ¶ 25.

{¶ 6}  Subsequently, Murphy filed a motion for reconsideration, which this court denied.  *State v. Murphy*, 10th Dist. No. 12AP-952 (Feb. 11, 2014) (memorandum decision).  Murphy's motion for reconsideration raised issues with a missing portion of the transcript never made part of the record and claimed that his trial counsel was ineffective for failing to argue for probation as stipulated in the plea agreement.  In denying his motion for reconsideration, this court noted Murphy had the opportunity to raise these alleged errors in his pro se brief filed in his direct appeal, but he failed to do so.  *Id.* at ¶ 7.

{¶ 7}  Following the denial of his motion for reconsideration, Murphy filed a motion for reopening.  This court denied the motion for reopening as untimely, noting Murphy did not provide "good cause" for the untimely filing.  *State v. Murphy*, 10th Dist. No. 12AP-952 (July 22, 2014) (memorandum decision).

{¶ 8}  Separately, on May 24, 2013, Murphy filed a petition for postconviction relief in the trial court.  In his petition, Murphy argued the trial court should vacate or set aside his sentence on the basis that his trial counsel was ineffective, his plea agreement was "broken," and there was a "disparity in sentencing."  (Petition to Vacate and Set Aside the Sentence, 4, 9.)  Additionally, Murphy argued his trial counsel failed to fully investigate his case, claimed he was innocent of the charges, and asserted his counsel coerced him into pleading guilty by promising him a sentence of four years with a guarantee of judicial release after he served six months.  Murphy supported his petition with his own affidavit and affidavits from his wife, mother, and brother, as well as numerous other unauthenticated documents.  The state responded in a June 27, 2013 motion to dismiss.

{¶ 9}  Murphy subsequently filed a motion to stay the court's ruling on his petition, and Murphy then filed a supplemental postconviction petition on January 19, 2015.  His supplemental petition raised new claims of ineffective assistance of counsel, and Murphy provided two additional affidavits in support of his supplemental petition.  The state filed a memorandum contra Murphy's supplemental petition on February 2, 2015, arguing Murphy failed to seek leave to file the supplemental petition and opposing

the petition on the merits. That same day, Murphy filed a motion for leave to file the supplemental petition, stating the request for leave "was inadvertently left off" of the supplemental petition, and arguing the trial court should grant him leave because "counsel has been retained, prepared the amendment and would present it to the court in addition to what Petitioner has filed himself." The state filed a February 3, 2015 memorandum contra, opposing the motion for leave.

{¶ 10} In a March 30, 2015 decision and entry, the trial court denied Murphy's motion for postconviction relief and denied Murphy's motion for leave to file a supplement to the motion. The trial court determined res judicata barred Murphy's arguments. In a separate entry dated March 31, 2015, the trial court denied Murphy leave to supplement the petition, finding his motion for leave "to be without merit." Murphy timely appeals the denial of his postconviction petition.

## II. Assignment of Error

{¶ 11} Murphy assigns the following error for our review:

> Appellant's Trial Counsel made a multitude of egregious errors that cost his client (Appellant Murphy) unnecessary precious years of his life due to his incapacity to focus due to a mental health diagnosis and an investigation by the Ohio Supreme Court Disciplinary Control Investigation of his multiple violations of Professional Rules of Conduct of members of the Ohio Bar.

## III. Analysis

{¶ 12} In his sole assignment of error, Murphy argues the trial court erred in denying his petition for postconviction relief.

{¶ 13} " '[A] trial court's decision granting or denying a postconviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion; a reviewing court should not overrule the trial court's finding on a petition for postconviction relief that is supported by competent and credible evidence.' " *State v. Sidibeh*, 10th Dist. No. 12AP-498, 2013-Ohio-2309, ¶ 7, quoting *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 58. Further, we review a trial court's decision to deny a postconviction petition without a hearing under an abuse of discretion standard. *State v. Boddie*, 10th Dist. No. 12AP-811, 2013-Ohio-3925, ¶ 11, citing *State v. Campbell*, 10th Dist. No. 03AP-147, 2003-Ohio-6305, ¶ 14. An abuse of discretion connotes a decision that is unreasonable,

arbitrary or unconscionable. *Id.*, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 14} As a general matter, a petition for postconviction relief is a collateral attack on a criminal judgment, not an appeal of the judgment. *Sidibeh* at ¶ 8, citing *State v. Steffen*, 70 Ohio St.3d 399, 410 (1994). A petition for postconviction relief " 'is a means to reach constitutional issues which would otherwise be impossible to reach because the evidence supporting those issues is not contained in the record.' " *Id.*, quoting *State v. Murphy*, 10th Dist. No. 00AP-233 (Dec. 26, 2000). Thus, a postconviction petition does not provide a petitioner a second opportunity to litigate his or her conviction. *Id.*, citing *State v. Hessler*, 10th Dist. No. 01AP-1011, 2002-Ohio-3321, ¶ 32. Instead, R.C. 2953.21 affords a petitioner postconviction relief " 'only if the court can find that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable under the Ohio Constitution or the United States Constitution.' " *Id.*, quoting *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph four of the syllabus.

## A. Res Judicata

{¶ 15} The doctrine of res judicata places a significant restriction on the availability of postconviction relief. *Sidibeh* at ¶ 12. " 'Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment or conviction, or on an appeal from that judgment.' " (Emphasis deleted.) *State v. Cole*, 2 Ohio St.3d 112, 113 (1982), quoting *Perry* at paragraph nine of the syllabus. "Res judicata also implicitly bars a petitioner from 're-packaging' evidence or issues which either were, or could have been, raised in the context of the petitioner's trial or direct appeal." *Hessler* at ¶ 37, citing *Murphy*, 10th Dist. No. 00AP-233.

{¶ 16} To overcome the res judicata bar to postconviction relief, the petitioner must present "competent, relevant, and material evidence" that is outside the record. *State v. Lawson*, 10th Dist. No. 02AP-148, 2002-Ohio-3329, ¶ 15; *State v. Braden*, 10th Dist. No. 02AP-954, 2003-Ohio-2949, ¶ 27. The evidence offered in support must "advance the petitioner's claim beyond a mere hypothesis." *Lawson* at ¶ 15. Additionally,

the petitioner must not rely on evidence that was in existence or available for use at the time of trial and that the petitioner should have submitted at trial if he wished to make use of it. *Id.*; *Braden* at ¶ 27.

{¶ 17} Here, in his initial postconviction petition, Murphy argued his trial counsel was ineffective in a number of ways, including allegations that his counsel was not adequately prepared to represent him; that his counsel did not investigate key pieces of evidence that could have proved his innocence; and that his counsel induced him to enter a guilty plea by promising him he would receive a sentence of no more than four years with guaranteed release after six months. Though Murphy had occasion to file his own pro se brief during his direct appeal, Murphy did not raise a claim of ineffective assistance of counsel in that appeal. Instead, Murphy's motion filed during his direct appeal asking this court to take judicial notice of his counsel's alleged ineffectiveness demonstrates that Murphy could have made his ineffective argument during his direct appeal but chose not to. *Murphy*, 2013-Ohio-5599, at ¶ 24. Further, his arguments in support of his ineffective assistance claim rely on the trial record, so his claims of ineffective assistance of counsel "could have been fairly determined without resort to evidence outside the record in [his] direct appeal." *State v. McBride*, 10th Dist. No. 14AP-237, 2014-Ohio-5102, ¶ 7, citing *State v. Dixon*, 10th Dist. No. 03AP-564, 2004-Ohio-3374, ¶ 12.

{¶ 18} Additionally, the "disparity in sentencing" issue that Murphy raised in his initial postconviction petition is an issue that Murphy raised in his direct appeal that this court rejected. *Murphy*, 2013-Ohio-5599, at ¶ 13-17. Thus, the doctrine of res judicata bars Murphy from raising that issue again through a postconviction petition. *Hessler* at ¶ 37.

### B. Denial of Leave to Supplement

{¶ 19} Murphy makes many arguments in this appeal regarding his trial counsel's alleged ineffectiveness, and several of those arguments he raised for the first time in his supplement to his postconviction petition. Murphy filed his supplement approximately 18 months after the state responded to his petition, without first obtaining leave. When Murphy then filed a delayed motion to obtain leave, the trial court denied him leave to supplement the petition.

{¶ 20} Before the state has filed a response to the petition for postconviction relief, the petitioner may freely amend his or her petition without seeking leave of court; however, once the state has responded to the petition, the petitioner may amend his or her petition only with leave of court. R.C. 2953.21(F); *State v. Young*, 10th Dist. No. 05AP-641, 2006-Ohio-1165, ¶ 28. The decision of whether to allow amendment or supplement of a petition for postconviction relief is within the discretion of the trial court. *Young* at ¶ 28, citing *State v. Byrd*, 145 Ohio App.3d 318, 333 (1st Dist.2001).

{¶ 21} Murphy's supplement to his postconviction petition raises additional allegations of his trial counsel's alleged ineffectiveness. However, Murphy does not explain in his brief how the trial court abused its discretion in denying Murphy leave to amend his petition. As the trial court noted, Murphy's additional arguments, much like those he raised in his initial petition, all rely on the trial record, and, thus, res judicata operates to bar Murphy from raising those issues in his postconviction proceedings. *Perry* at paragraph nine of the syllabus. To the extent Murphy relies on the newspaper article he attached to his appellate brief to support his ineffective assistance argument, that article was not part of the trial record, and we will not consider it. *State v. Pariscoff*, 10th Dist. No. 09AP-848, 2010-Ohio-2070, ¶ 38.

{¶ 22} Thus, because the trial court did not abuse its discretion in denying Murphy's postconviction motion or in denying Murphy leave to supplement his postconviction petition, we overrule Murphy's sole assignment of error.

## IV. Disposition

{¶ 23} Based on the foregoing reasons, having overruled Murphy's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN, P.J., and SADLER, J., concur.