JOURNAL ENTRY and OPINION
{¶ 1} In this accelerated appeal, appellant Dennis Williams appeals pro se from the trial court's imposition of more than the minimum sentence. Williams assigns the following error for our review:
"I. THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO MORE THAN THE MINIMUM SENTENCE WHEN HE HAD NOT PREVIOUSLY SERVED A PRISON TERM."
 {¶ 2} Having reviewed the record and pertinent law, we affirm Williams' sentence. The apposite facts follow.
 {¶ 3} On January 22, 2003, the Cuyahoga County Grand Jury jointly indicted Williams and his co-defendant, Lawrence Royster, on eight counts: two counts for aggravated murder with felony-murder specifications, one count for aggravated arson, two counts for aggravated robbery, and three counts for intimidation. All of the counts had one and three-year firearm specifications attached. The counts arose from Williams setting fire to Lawrence Royster's home to cover up the murder of Kenyard Drake.
 {¶ 4} On June 6, 2003, Williams entered a guilty plea to an amended count of involuntary manslaughter, one count of aggravated arson, and one count of aggravated robbery. He also pled to the attached three-year firearm specifications. The remaining counts were nolled.
 {¶ 5} Williams filed a motion to vacate his plea prior to being sentenced, which was denied. On October 6, 2003, the trial court sentenced Williams to ten years on the involuntary manslaughter count, six years on the aggravated arson count, two years on the aggravated robbery count, and a mandatory three years on each of the firearm specifications, which were merged. The sentences were imposed consecutively for a total of twenty-one years.
 {¶ 6} Williams filed a notice of appeal from his plea and sentence. However, he thereafter voluntarily dismissed the appeal.[1] This court denied his motion to reinstate the appeal and motion to file a delayed appeal.
 {¶ 7} On September 23, 2004, he filed another motion to withdraw his guilty plea, which the trial court denied. On December 29, 2004, he filed a motion to correct his sentence, which the trial court also denied. Williams is appealing the trial court's denial of his motion to correct his sentence.
 {¶ 8} In his sole assigned error, Williams, who had never served a prison term before, argues the trial court erred by imposing more than the minimum sentence without making the requisite findings pursuant to R.C.2929.14(B).
 {¶ 9} Williams' motion to correct his sentence is actually a petition for postconviction relief under R.C. 2953.21. The Ohio Supreme Court inState v. Reynolds,[2] held: "Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21."
 {¶ 10} Issues which were raised previously or could have been raised previously in an appeal but were not, are barred by the doctrine of res judicata.[3] Williams' claim cannot be considered by this court because it is barred by res judicata. Williams' claim he was sentenced improperly could have been raised by Williams in a direct appeal to this court because it does not require evidence dehors the record.[4] When a defendant fails to append to his postconviction relief petition evidence dehors the record, his motion may be barred on res judicata grounds, because the issue could be fully determined by evidence on the record, which is appropriately brought by virtue of a direct or delayed appeal.[5]
 {¶ 11} Williams, as we noted earlier, voluntarily dismissed his direct appeal. As a result, he is now precluded from raising issues concerning his sentence in the context of an appeal from a denial of a motion to correct his sentence.[6] In order to challenge his sentence, Williams should have raised the issue in a direct appeal of the trial court's October 6, 2003 judgment. Accordingly, Williams' sole assigned error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
C. Gallagher, J., and Kenneth A. Rocco, J., concur.
[1] State v. Williams (December 22, 2003), Cuyahoga App. No. 83706.
[2] 79 Ohio St.3d 158, 160, 1997 Ohio 304.
[3] State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus.
[4] State v. Combs (1991), 73 Ohio App.3d 823; State v. Rhodes, 7th Dist. No. 00 C.A. 160, 2001 Ohio 3334.
[5] State v. Combs (1994), 100 Ohio App.3d 90, 97, citing Perry,
supra, at paragraph nine of the syllabus. See, also, State v. Rodriguez
(1989), 65 Ohio App.3d 151, 153.
[6] See, e.g., State v. Giles (November 9, 1997), 11th Dist. No.