[Cite as *State v. Lewis*, 2021-Ohio-4264.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2021-L-047 |
| Plaintiff-Appellee, | |
| - v - | Criminal Appeal from the Court of Common Pleas |
| KENNY LEWIS a.k.a. KENY LEWIS a.k.a. KENYATTA LEWIS, | Trial Court No. 2010 CR 000649 |
| Defendant-Appellant. | |

# O P I N I O N

Decided: December 6, 2021
Judgment: Affirmed

*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Kenny Lewis*, pro se, PID# A594-271, Marion Correctional Institution, 940 Marion-Williamsport Road, P.O. Box 57, Marion, OH 43302 (Defendant-Appellant).

MARY JANE TRAPP, P.J.

{¶1}   Appellant, Kenny Lewis a.k.a. Keny Lewis a.k.a. Kenyatta Lewis ("Mr. Lewis"), appeals the judgment of the Lake County Court of Common Pleas denying his motion for leave to file a motion to correct a void sentence, which the trial court construed as a petition for postconviction relief pursuant to R.C. 2953.21(A)(1).

{¶2}   Mr. Lewis asserts one assignment of error, contending that the trial court violated his due process rights by failing to provide him with notice and an opportunity to respond prior to sua sponte construing his motion as a petition for postconviction relief and dismissing it as untimely.

{¶3} After a careful review of the record and pertinent law, we find as follows:

{¶4} (1) We cannot say the trial court violated Mr. Lewis's due process rights by failing to provide him with notice and an opportunity to respond prior to sua sponte construing his motion as a petition for postconviction relief. There is no binding authority imposing such requirements, and Mr. Lewis's motion, despite its title, met all the criteria for a petition for postconviction relief.

{¶5} (2) The postconviction relief statutes do not require a trial court to provide a petitioner with notice and an opportunity to respond prior to sua sponte denying a petition as untimely. Even if the trial court had erred procedurally, Mr. Lewis cannot demonstrate resulting prejudice since he can prove no set of facts to meet either exception to an untimely petition.

{¶6} Thus, we affirm the judgment of the Lake County Court of Common Pleas.

### Substantive and Procedural History

{¶7} In 2010, Mr. Lewis pleaded guilty by way of information to four counts of rape, each a felony of the first degree, in violation of R.C. 2907.02(A)(1)(b). The trial court sentenced him to the maximum prison term of ten years on each count, to run consecutively, for a total prison term of 40 years. Mr. Lewis, through counsel, appealed his sentences, and this court affirmed the trial court's judgment in *State v. Lewis*, 11th Dist. Lake No. 2011-L-004, 2011-Ohio-4700.

{¶8} In 2019, Mr. Lewis, pro se, filed in this court a notice of appeal and a motion for a delayed appeal relating to his prison sentences. This court denied Mr. Lewis's motion and dismissed his appeal in *State v. Lewis*, 11th Dist. Lake No. 2019-L-018, 2019-Ohio-1718. Mr. Lewis appealed to the Supreme Court of Ohio, which declined jurisdiction in *State v. Lewis*, 156 Ohio St.3d 1479, 2019-Ohio-3148, 128 N.E.3d 246.

2

{¶9} In October 2020, Mr. Lewis, pro se, filed a document captioned "defendant [sic] motion for leave of court to file a motion to correct a void sentence in the entitled case." Mr. Lewis contended that the trial court imposed multiple sentences for the same criminal offense in violation of the Double Jeopardy Clause of the United States Constitution. He requested that the trial court "dismiss" his sentences on counts two through four. The record does not reflect that the state filed a response to Mr. Lewis's motion.

{¶10} In December 2020, the trial court filed a judgment entry denying Mr. Lewis's motion without a hearing. The trial court found that despite its caption, Mr. Lewis's motion met the definition of a petition for postconviction relief pursuant to R.C. 2953.21(A)(1). The trial court determined that (1) Mr. Lewis's petition was untimely pursuant to R.C. 2953.21(A)(2); (2) the exceptions to timeliness set forth in R.C. 2953.23(A)(1) and (2) did not apply; (3) Mr. Lewis's claim was barred by the doctrine of res judicata because he could have raised the issue in his direct appeal; and (4) Mr. Lewis's argument was substantively without merit because the four counts of rape for which he was sentenced were based on separate acts involving different forms of sexual conduct.

{¶11} Mr. Lewis appealed, and this court sua sponte dismissed his appeal as untimely in *State v. Lewis*, 11th Dist. Lake No. 2021-L-012, 2021-Ohio-477. Mr. Lewis subsequently filed a notice of appeal and a motion for leave to file a delayed appeal. This court granted Mr. Lewis's motion.

{¶12} Mr. Lewis now presents the following assignment of error for our review:

{¶13} "The trial court abused its discretion when the court sua sponte dismiss the defendant petition for postconviction relief without notifying the defendant of the court intention to sua sponte dismiss petition and give the defendant an opportunity to respond

3

to the court intention to dismiss the petition violation of the defendant united states constitutional rights 14 amendment." [sic throughout.]

## Standard of Review

{¶14}  Mr. Lewis essentially contends that the trial court violated his constitutional right to due process by failing to provide him with notice and an opportunity to respond prior to sua sponte (1) construing his motion as a petition for postconviction relief and (2) dismissing his petition as untimely.  The question of whether due process requirements have been satisfied presents a legal question that this court reviews de novo.  *Short v. Short*, 2019-Ohio-5315, 150 N.E.3d 421, ¶ 31 (11th Dist.).

## Recasting of Motion

{¶15}  We first address whether the trial court was required to provide Mr. Lewis with notice and an opportunity to respond prior to sua sponte construing his "motion for leave to file a motion to correct a void sentence" as a petition for postconviction relief.

{¶16}  The Supreme Court of Ohio has held that "[c]ourts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged."  *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12.  According to the court, "where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21."  *State v. Reynolds*, 79 Ohio St.3d 158, 160, 679 N.E.2d 1131 (1997) (involving a "motion to correct or vacate sentence").  In fact, "[w]ith the exception of an appeal, a petition for postconviction relief is 'the exclusive remedy by which a person may bring a collateral challenge to the validity

4

Case No. 2021-L-047

of a conviction or sentence in a criminal case.'" *State v. Parker*, 157 Ohio St.3d 460, 2019-Ohio-3848, 137 N.E.3d 1151, ¶ 15, quoting R.C. 2953.21(K).

{¶17} The Supreme Court of Ohio has not expressly addressed whether a trial court is required to provide notice and an opportunity to respond prior to recasting an irregular motion, and Mr. Lewis has not cited any authority on this issue.

{¶18} The Supreme Court of the United States has imposed similar requirements, albeit in a different context. In *Castro v. United States*, 540 U.S. 375, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003), the court held that before a federal district court may recharacterize a pro se litigant's pleading as a request for federal habeas relief under section 28 U.S.C. 2255, the court must inform the litigant of its intent to recharacterize, warn the litigant that the recharacterization will subject subsequent section 2255 motions to the law's successive restrictions, and provide the litigant with an opportunity to withdraw or amend. *Id.* at 383. When these admonishments are not given, a recharacterized motion will not count as a section 2255 motion for purposes of applying section 2255's successive provision. *Id.*

{¶19} *Castro* is not controlling authority on this issue, however, since it involved a federal habeas corpus statute, not state postconviction statutes or federal constitutional law. No court has extended *Castro*'s requirements to Ohio's postconviction relief statutes. *See, e.g., State v. Reed*, 8th Dist. Cuyahoga No. 106814, 2018-Ohio-4518, ¶ 8-12 (overruling the appellant's assignment of error that relied on *Castro*).

{¶20} We note that some Ohio judges have raised due process concerns in different factual settings. For example, in *Schlee, supra*, the Supreme Court of Ohio held that the trial court properly recast a defendant's motion as a petition for postconviction relief even though the defendant unambiguously presented it as a Civ.R. 60(B) motion for

5

relief from judgment. *Id.* at syllabus. Two justices concurred in judgment only and wrote that a trial court's recasting of a motion may result in "some unintended, unwanted consequences," including the possible abridgement of "due process protections." *Id.* at ¶ 17 (Cupp, J., concurring in judgment only).

{¶21} In *State v. Hamberg*, 2015-Ohio-5074, 53 N.E.3d 918 (1st Dist.), the defendant, through counsel, filed a "motion for new trial limited to sentencing" pursuant to Crim.R. 33 prior to appealing his convictions. *Id.* at ¶ 3-4. The panel majority of the First District Court of Appeals determined that the trial court should have recast the defendant's motion as a petition for postconviction relief. *See id.* at ¶ 12. The dissenting judge contended that the majority's "dramatic expansion of the ability to recast post-trial motions" raised "the same sorts of problems that worried the Supreme Court [of the United States] in *Castro.*" *Id.* at ¶ 54 (DeWine, J., dissenting).

{¶22} Here, Mr. Lewis's motion, despite its title, met all the criteria for a petition for postconviction relief, and he does not assert that the trial court should have classified it as something else. Thus, we cannot say the trial court violated Mr. Lewis's due process rights by failing to provide Mr. Lewis with notice and an opportunity to respond prior to sua sponte recasting his motion as a petition for postconviction relief.

### Denial of Untimely Petition

{¶23} We next address whether the trial court was required to provide Mr. Lewis with notice and an opportunity to respond prior to sua sponte denying his petition for postconviction relief as untimely.

{¶24} In support of his position, Mr. Lewis cites several cases in which the appellate court reversed the trial court's sua sponte dismissal of a civil complaint on its merits. We find that such cases are distinguishable because none involved a trial court's

6

dismissal of a postconviction relief petition. Rather, the courts in those cases relied on precedent from the Supreme Court of Ohio in which the court extended due process requirements to the civil rules. *See Ohio Furniture Co. v. Mindala*, 22 Ohio St.3d 99, 101, 488 N.E.2d 881 (1986) ("A dismissal on the merits is a harsh remedy that calls for the due process guarantees of prior notice"); *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.*, 72 Ohio St.3d 106, 108, 647 N.E.2d 799 (1995) ("Generally, a court may dismiss a complaint on its own motion pursuant to Civ.R. 12(B)(6) * * * only after the parties are given notice of the court's intention to dismiss and an opportunity to respond").

{¶25} While the Supreme Court of Ohio has described a postconviction proceeding as "a collateral civil attack on the judgment," it has held that "the 'right to file a postconviction petition is a statutory right, not a constitutional right.'" *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, 121 N.E.3d 351, ¶ 35, quoting *State v. Broom*, 146 Ohio St.3d 60, 2016-Ohio-1028, 51 N.E.3d 620, ¶ 28. "A postconviction petitioner therefore 'receives no more rights than those granted by the statute.'" *Id.*, quoting *State v. Calhoun*, 86 Ohio St.3d 279, 281, 714 N.E.2d 905 (1999). "This means that any right to postconviction relief must arise from the statutory scheme enacted by the General Assembly," including "the right to have one's claim heard at all." *Id.* at ¶ 35, 36.

{¶26} To be timely, a postconviction petition "shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication," subject to two limited exceptions. R.C. 2953.21(A)(2).[1] If neither exception applies, a trial court has no jurisdiction to consider an untimely petition. *See Apanovitch* at ¶ 36 ("[A] petitioner's

---

1. R.C. 2953.21 was revised and renumbered effective April 12, 2021, which is subsequent to Mr. Lewis's filing of his petition. Thus, we reference the prior version of the statute.

Case No. 2021-L-047

failure to satisfy R.C. 2953.23(A) deprives a trial court of jurisdiction to adjudicate the merits of an untimely * * * postconviction petition"); R.C. 2953.23(A) ("[A] court may not entertain a petition filed after the expiration of the period prescribed in [R.C. 2953.21(A)] * * * unless division (A)(1) or (2) of this section applies").

{¶27} This court has previously affirmed a trial court's sua sponte dismissal of an untimely postconviction petition that did not meet an exception. *See, e.g., State v. Goist*, 11th Dist. Trumbull No. 2002-T-0136, 2003-Ohio-3549, ¶ 1; *State v. Beaver*, 131 Ohio App.3d 458, 464, 722 N.E.2d 1046 (11th Dist.1998). We explained that "a decision that a petition is time-barred precludes any further inquiry into its merits. The petitioner knows exactly why his petition was dismissed, and the appellate court can review the decision by looking at the filing dates of various documents in the record." *Beaver* at 464. Therefore, "[a] cursory judgment entry merely indicating that a petition is time-barred would be sufficient to dispose of the cause and to commence the running of the time that the petitioner has to appeal under App.R. 4(A)." *Id.*

{¶28} Accordingly, the trial court was not required to provide Mr. Lewis with notice and an opportunity to respond prior to sua sponte denying his petition for postconviction relief as untimely. The trial court afforded Mr. Lewis all the process that he was due under the postconviction relief statutes.

### Harmless Error

{¶29} Even assuming, for purposes of analysis only, that the trial court was required to provide Mr. Lewis with notice and an opportunity to respond prior to denying his petition for postconviction relief as untimely, Mr. Lewis cannot demonstrate resulting prejudice.

8

{¶30} Crim.R. 52(A) provides that "[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." In order to prejudice a defendant's substantial rights, the error must have affected the outcome of the trial court proceedings. *State v. Boaston*, 160 Ohio St.3d 46, 2020-Ohio-1061, 153 N.E.3d 44, ¶ 62.

{¶31} Mr. Lewis contends that he was denied an opportunity "to explain how and why" he was "unavoidably prevented from timely filing the petition." However, R.C. 2953.23(A) permits the filing of an untimely petition "only under specific, limited circumstances." *Apanovitch*, *supra*, at ¶ 22.

{¶32} Under the first exception, a trial court may consider an untimely petition if (1) the petitioner shows *either* that he or she "was unavoidably prevented from discovery of the facts" upon which the petitioner's claim relies *or* that he or she is asserting a claim based on a new, retroactively applicable federal or state right recognized by the United States Supreme Court after the petitioner's petition became untimely, *and* (2) the petitioner shows by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty "but for constitutional error at trial." R.C. 2953.23(A)(1)(a)-(b).

{¶33} This court has long recognized that a petitioner who pleads guilty cannot satisfy the "but for" requirement in R.C. 2953.23(A)(1)(b). *See State v. Murdock*, 11th Dist. Portage No. 2001-P-0013, 2002 WL 408184, *2 (Mar. 15, 2002). Mr. Lewis acknowledges that he pleaded guilty to the charged offenses. Thus, there are no set of facts under which Mr. Lewis could meet the first exception.

{¶34} The second exception "confers jurisdiction over a select class of DNA-based actual-innocence claims." *Apanovitch* at ¶ 29. Mr. Lewis has never asserted his

Case No. 2021-L-047

"actual innocence" based on DNA or otherwise. Rather, in his petition, Mr. Lewis requested that the trial court "dismiss" his sentences in counts two through four "without disturbing" his sentence in count one. Thus, there are also no set of facts under which Mr. Lewis could meet the second exception.

{¶35} In addition, the trial court alternatively determined that Mr. Lewis's claim was barred by the doctrine of res judicata and had no substantive merit. Mr. Lewis has not challenged these determinations on appeal.

{¶36} Accordingly, any procedural errors on the trial court's part were harmless.

{¶37} Mr. Lewis's sole assignment of error is without merit.

{¶38} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas is affirmed.

CYNTHIA WESTCOTT RICE, J., concurs,

THOMAS R. WRIGHT, J., concurs in judgment only with a Concurring Opinion.

_____

THOMAS R. WRIGHT, J., concurs in judgment only with a Concurring Opinion.

{¶39} I concur in judgment based upon appellant's failure to challenge on appeal the trial court's determination that his claim was barred by res judicata. Because judgment is properly affirmed on this basis alone, I would not proceed to reach the merits of the remaining issues, which are rendered moot.