[Cite as *State v. Smith*, 2022-Ohio-3374.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- vs -

ANTHONY JEROME SMITH,

        Defendant-Appellant.

CASE NO. 2022-T-0037

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2004 CR 00574

**O P I N I O N**

Decided: September 26, 2022
Judgment: Affirmed

*Dennis Watkins*, Trumbull County Prosecutor, and *Ryan J. Sanders*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Anthony Jerome Smith*, pro se, PID: A484-639, Lake Erie Correctional Institution, 501 Thompson Road, P.O. Box 8000, Conneaut, OH 44030 (Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1}    Appellant, Anthony J. Smith ("Mr. Smith"), appeals from the judgment of the Trumbull County Court of Common Pleas, which denied his "Motion to Correct Illegal Sentence" because it found his arguments were barred by the doctrine of res judicata.

{¶2}    Mr. Smith raises one assignment of error on appeal, contending that the trial court erred and abused its discretion by denying his motion to correct his illegal repeat violent offender ("RVO") conviction.  More specifically, he contends the trial court erroneously considered his previous convictions that were more than 20 years old in

contravention of the RVO sentencing statute in effect at the time of his sentencing, R.C. 2929.14(D)(2)(b) (now R.C. 2929.14(B)(2)(b)).

{¶3} After a careful review of the record and pertinent law, we overrule Mr. Smith's assignment of error. Mr. Smith could have, but did not, raise any issue regarding his RVO conviction in his direct appeal; thus, he is precluded by the doctrine of res judicata from raising it in a postconviction motion. Furthermore, he raised the same issue in his second App.R. 26(B) application to reopen, which we overruled as untimely since it was filed 12 years after he was sentenced without any justification for the delay. Finally, Mr. Smith has not met the requirements for an untimely or successive motion for postconviction relief. *See* R.C. 2953.21; R.C. 2953.23. Therefore, the trial court properly denied Mr. Smith's motion to correct his illegal sentence, finding it barred by the doctrine of res judicata.

{¶4} The judgment of the Trumbull County Court of Common Pleas is affirmed.

## Substantive and Procedural History

{¶5} The instant case has a long and protracted history, spanning two appeals and several postconviction motions. Mr. Smith was originally convicted of aggravated robbery, with RVO and gun specifications, and having a weapon while under disability. He was sentenced to serve an aggregate prison term of 21 years. He appealed to this court in *State v. Smith*, 11th Dist. Trumbull No. 2005-T-0080, 2006-Ohio-4669. We reversed his convictions and remanded the matter for a new trial after determining that the trial court erred by failing to instruct the jury on the lesser-included offense of robbery. *Id.* at ¶ 20-40, ¶ 45.

2

{¶6} On remand, a new trial was held, and a jury again found Mr. Smith guilty of aggravated robbery with RVO and firearm specifications and having a weapon under disability. As pertinent to this appeal, the trial court sentenced Mr. Smith to consecutively serve a stated prison term of "TEN (10) YEARS ON COUNT 1, THREE (3) YEARS ON THE FIREARM SPECIFICATION, AND FIVE (5) YEARS FOR THE REPEAT VIOLENT OFFENDER SPECIFICATION, ALL OF WHICH IS A MANDATORY TERM PURSUANT TO ORC 2929.13(F)(6) AND 2929.14(D)(2)(a) * * *," for a total aggregate prison term of 21 years.

{¶7} Mr. Smith filed a second appeal in *State v. Smith*, 11th Dist. Trumbull No. 2008-T-0023, 2008-Ohio-6998, in which we affirmed his convictions. Mr. Smith appealed to the Supreme Court of Ohio, which declined jurisdiction. *See State v. Smith*, 123 Ohio St.3d 1406, 2009-Ohio-5031, 914 N.E.2d 204.

{¶8} After exhausting his appeals, Mr. Smith filed a flurry of postconviction motions, starting with an App.R. 26(B) application to reopen, which we denied. He subsequently filed a motion to set aside the judgment denying his application to reopen, which we also overruled.

{¶9} Mr. Smith filed a petition for a writ of habeas corpus in the United States District Court for the Northern District of Ohio, which denied it in part and dismissed it in part. *See Smith v. Gansheimer*, N.D.Ohio No. 4:10CV2836, 2013 WL 3200656 (June 24, 2013).

{¶10} In 2020, Mr. Smith filed another App.R. 26(B) application to reopen, in which he argued that his counsel on appeal after his retrial was ineffective for not assigning as error the trial court's refusal to dismiss the RVO specification. We denied his application

3

as untimely since he provided no justification for the lengthy delay. Mr. Smith appealed to the Supreme Court of Ohio, which declined jurisdiction. *See State v. Smith*, 163 Ohio St.3d 1418, 167 N.E.3d 980, 2021-Ohio-1606.

{¶11} In 2021, Mr. Smith filed a "Motion to Correct Illegal Sentence," which underlies the instant appeal, in which he contended that his RVO conviction was contrary to law because (a) the trial court relied on his previous convictions that occurred more than 20 years ago in 1979 and 1985; (b) there was no physical harm or threat of physical harm committed in the instant offense; (c) the applicable factors indicating a greater likelihood of recidivism did not outweigh the applicable factors indicating a lesser likelihood of recidivism; (d) there was no indication his conduct was more serious; and (e) he was not under any sanctions at the time he committed the offense.

{¶12} The trial court denied Mr. Smith's motion, finding that his arguments could have been raised in his direct appeal and thus were barred by the doctrine of res judicata.

{¶13} Mr. Smith raises one assignment of error on appeal:

{¶14} "The trial court erred and abused its discretion by denying appellant's motion to correct illegal sentence imposed on appellant's conviction for the repeat violent offender specification."

{¶15} In his sole assignment of error, Mr. Smith contends the trial court erred by denying his motion to correct his illegal RVO sentence. More specifically, he contends the trial court erred by making findings that are contrary to law because the trial court did not meet the requirements of the former RVO felony sentencing statute, R.C. 2929.14(D)(2)(b), now R.C. 2929.14(B)(2)(b).

4

{¶16} The Supreme Court of Ohio recently clarified in *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, that "[a] sentence is void when a sentencing court lacks jurisdiction over the subject-matter of the case or personal jurisdiction over the accused. When the sentencing court has jurisdiction to act, sentencing errors * * * render the sentence voidable, not void, and the sentence may be set aside if successfully challenged on direct appeal." *Id.* at ¶ 42.

{¶17} Thus, a voidable judgment is one pronounced by a court with jurisdiction. *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, ¶ 17. The failure to timely—at the earliest available opportunity—assert an error in a voidable judgment, even if that error is constitutional in nature, amounts to the forfeiture of any objection. *Id.* If a judgment is voidable, the doctrine of res judicata bars a party from raising and litigating in any proceeding, except a direct appeal, claims that could have been raised in the trial court. *Id.* at ¶ 19; *see State v. Perry*, 10 Ohio St.2d 175, 178-179, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. *Accord State v. Mitchell*, 11th Dist. Portage No. 2021-P-0062, 2022-Ohio-1009, ¶ 23.

{¶18} In this appeal, Mr. Smith is attempting to challenge his RVO conviction and sentence in a postconviction motion. The trial court had subject matter jurisdiction over Mr. Smith's case and had personal jurisdiction over him. *See* R.C. 2931.03; *Smith v. Sheldon*, 157 Ohio St.3d 1, 2019-Ohio-1677, 131 N.E.3d 1, ¶ 8 ("[A] common pleas court has subject-matter jurisdiction over felony cases"). Even if the trial court had improperly applied the wrong statutory section in imposing Mr. Smith's RVO sentence, the sentencing error would render his sentence voidable, not void. *See Harper* at ¶ 5-6, ¶ 42. Thus, his RVO sentence could be challenged only on direct appeal.

5

**{¶19}** "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *Perry* at paragraph nine of the syllabus.

**{¶20}** It is well settled that the doctrine of res judicata bars claims that were raised or could have been raised on direct appeal. *State v. Davis*, 119 Ohio St.3d 422, 2008-Ohio-4608, 894 N.E.2d 1221, ¶ 6. Because Mr. Smith could have raised any issue regarding his RVO conviction in his direct appeal, he is barred by the doctrine of res judicata from raising it in a postconviction motion. Furthermore, he raised the same issue in his second App.R. 26(B) application to reopen, which we overruled as untimely. "Res judicata precludes a defendant from re-litigating the same issues with the hope of obtaining a different result." *State v. Hildebrand*, 2d Dist. Clark No. 2012-CA-48, 2013-Ohio-2122, ¶ 5.

**{¶21}** Finally, Mr. Smith has not met the requirements for an untimely or successive motion for postconviction relief. *See* R.C. 2953.21; R.C. 2953.23. Therefore, the trial court properly denied Mr. Smith's motion to correct his illegal sentence, finding it barred by the doctrine of res judicata. *See State v. Starks*, 8th Dist. Cuyahoga No. 109444, 2020-Ohio-4306, ¶ 16 (finding omission of allegedly required parole eligibility language from the appellant's sentence was precluded by the doctrine of res judicata).

**{¶22}** In a similar case, *State v. Green*, 9th Dist. Summit No. 29770, 2021-Ohio-2912, the Ninth District determined that the trial court correctly found the appellant's

6

motion to correct his illegal sentence was barred by the doctrine of res judicata. *Id.* at ¶ 6. Like Mr. Smith, the appellant was attempting to challenge his RVO conviction, contending that the trial court erred by convicting him as a RVO without sentencing him to the maximum prison term for the underlying offenses. *Id.* The Ninth District found, as here, that under *Henderson*, such a mistake, even if true, would not make that part of his sentence void, only voidable, and that "[n]either the state nor the defendant can challenge [a] voidable sentence through a postconviction motion." *Id.*, quoting *Henderson* at ¶ 43.

{¶23} Lastly, we would be remiss not to note that, as our review of the sentencing judgment entry indicates, the trial court sentenced Mr. Smith as a RVO under former R.C. 2929.14(D)(2)(a), which did not contain the R.C. 2929.14(B)(2)(b) requirement of considering previous convictions that were less than 20-years old.

{¶24} Accordingly, Mr. Smith's assignment of error is without merit since his argument is barred by the doctrine of res judicata.

{¶25} The judgment of the Trumbull County Court of Common Pleas is affirmed.


CYNTHIA WESTCOTT RICE, J.,

JOHN J. EKLUND, J.,

concur.

7