[Cite as *State v. Lacy*, 2024-Ohio-5258.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

STATE OF OHIO,

      Plaintiff-Appellee,

- vs -

JAVONTE R. LACY,

      Defendant-Appellant.

CASE NO. 2024-A-0052

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2017 CR 00099

---

# O P I N I O N

Decided: November 4, 2024
Judgment: Affirmed

---

*Colleen M. O'Toole*, Ashtabula County Prosecutor, and *Mark Maje*r, Assistant Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Javonte R. Lacy*, pro se, PID# A704-102, Southeastern Correctional Institution, 5900 Bis Road, S.W., Lancaster, OH 43130 (Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1}    Appellant, Javonte R. Lacy ("Mr. Lacy"), appeals from the judgment of the Ashtabula County Court of Common Pleas overruling his "Motion to Correct Improper Sentence (Oral Hearing Requested)."

{¶2}    Mr. Lacy raises two assignments of error on appeal, contending the trial court abused its discretion by denying his motion to correct his sentence (1) in light of the documentation he submitted, and (2) without a hearing.

{¶3}    After a careful review of the record and pertinent law, we find Mr. Lacy's assignments of error, which we address out of turn, to be without merit.

{¶4} Firstly, in what can only be construed as a successive petition for postconviction relief, Mr. Lacy failed to set forth operative facts that established substantive grounds for relief. Further, he failed to meet the requirements for an untimely or successive motion for postconviction relief pursuant to R.C. 2953.21 and R.C. 2953.23. Thus, he was not entitled to a hearing on his petition.

{¶5} Secondly, Mr. Lacy's argument concerning his improper sentence does not relate to his assigned error, i.e., the documentation he attached to his motion (the sentencing hearing transcript and the docket), and it is barred by the doctrine of res judicata because he should have raised it on direct appeal. Even if his argument was not barred, it is without merit since the trial court informed Mr. Lacy at the sentencing hearing and stated in the sentencing entry that his sentences were mandatory pursuant to statute.

{¶6} We note, in regard to his arguments surrounding his "improper sentence," the trial court made the requisite findings pursuant to R.C. 2929.14(C)(4) when it ordered his mandatory sentences to run consecutively. The trial court found Mr. Lacy has a prior conviction for the same offense, and his offenses constituted a course of conduct. Lastly, consistency does not mean uniformity as a result from a case-by-case comparison. Rather, it involves the trial court's proper application of the statutory sentencing guidelines. In any case, these sentencing issues are voidable errors that should have been raised on direct appeal.

{¶7} The judgment of the Ashtabula County Court of Common Pleas is affirmed.

### Substantive and Procedural History

{¶8} This is the third time the instant matter is before us. In *State v. Lacy*, 2018-Ohio-3249 (11th Dist.), Mr. Lacy's direct appeal, this court reviewed that a jury found Mr. Lacy guilty of two counts of trafficking in heroin, second-degree felonies, in violation of

2

R.C. 2925.03(A)(1) and (C)(6)(e). *Id.* at ¶ 2, 4. On January 4, 2018, Mr. Lacy was sentenced to two consecutive four-year prison terms for each count, for an aggregate sentence of eight years. *Id.* at ¶ 8.

{¶9} In relevant part, at the conclusion of the jury trial, the trial court noted that prison terms were mandatory pursuant to statute. Likewise, at the sentencing hearing and in the sentencing judgment entry, the trial court noted drug trafficking, pursuant to R.C. 2925.03(A)(1) and (C)(6)(e), carries a mandatory prison term. The court also reviewed the consecutive-sentencing factors pursuant to R.C. 2929.14(C)(4), and found that consecutive sentences were not disproportionate to the seriousness of Mr. Lacy's crimes and the danger he poses to the public; that consecutive sentences were necessary to protect the public from future crime and to adequately otherwise punish for the conduct in this case; and that his history, which included a prior offense of drug trafficking in which Mr. Lacy had been sentenced to prison, demonstrated that consecutive sentences were necessary to protect the public from future crime. Further, the underlying charges arose from two separate transactions, a month apart.

{¶10} We affirmed Mr. Lacy's sentence on appeal after determining that his assignments of error regarding the denial of his motion for a new trial were without merit. *Lacy I*, 2018-Ohio-3249, at ¶ 31, 39-40 (11th Dist.).

{¶11} On April 20, 2020, in *State v. Lacy*, 2020-Ohio-1556 (11th Dist.), we affirmed the trial court's denial of Mr. Lacy's postconviction petition, determining his claims were barred by the doctrine of res judicata since he raised the same issues he raised on direct appeal. *Id.* at ¶ 3-4.

{¶12} Approximately four years later, in April 2024, Mr. Lacy filed a "Motion to Correct Improper Sentence (Oral Hearing Requested)," in which he contended the trial

3

Case No. 2024-A-0052

court did not state his sentences were both mandatory in the sentencing judgment entry, and that the Ohio Department of Rehabilitation and Correction ("ODRC") had erroneously calculated his entire sentence as mandatory. In his prayer for relief, he asked the court to issue a nunc pro tunc sentencing entry stating that his second, four-year sentence is not a mandatory sentence. Attached to Mr. Lacy's motion was a transcript of the sentencing hearing and a copy of the docket.

{¶13} Approximately one month later, the trial court denied Mr. Lacy's motion without a hearing, finding it had specified at the sentencing hearing and in the sentencing entry that "eight years of the sentence is mandatory."

{¶14} Mr. Lacy raises two assignments of error on appeal:

{¶15} "[1.] The trial court abused its discretion and violated appellant's constitutional and due process rights, when it denied appellant's motion to correct improper sentence enlight [sic] of the documentation submitted herein.

{¶16} "[2.] The trial court abused its discretion and violated appellant's constitutional and due process rights, when it denied appellant's motion to correct improper sentence without a hearing enlight [sic] of the documentation the appellant submitted herein."

{¶17} We shall address Mr. Lacy's second assignment of error first for ease of discussion.

### Petition for Postconviction Relief

{¶18} In Mr. Lacy's second assignment of error, he contends the trial court erred by denying his motion without a hearing.

{¶19} At the outset, we note that Mr. Lacy's "motion to correct improper sentence" is a petition for postconviction relief.

4

Case No. 2024-A-0052

{¶20} "Courts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged." *State v. Schlee*, 2008-Ohio-545, ¶ 12. "Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." *State v. Reynolds*, 79 Ohio St.3d 158 (1997), syllabus. "With the exception of an appeal, a petition for postconviction relief is 'the exclusive remedy by which a person may bring a collateral challenge to the validity of a conviction or sentence in a criminal case.'" *State v. Parker*, 2019-Ohio-3848, ¶15, quoting R.C. 2953.21(K). *See also State v. Lewis*, 2021-Ohio-4264, ¶16 (11th Dist.); *State v. Dudas*, 2022-Ohio-1637, ¶ 33 (11th Dist.).

{¶21} The motion relevant to this appeal was filed (1) subsequent to appellant's direct appeal; (2) claimed his constitutional right to due process was violated; and (3) prayed his sentence would be corrected. Consequently, we treat this appeal as one from a successive petition for postconviction relief pursuant to R.C. 2953.21 and R.C. 2953.23. *See Schlee* at ¶ 12, and *Dudas* at ¶ 34.

{¶22} "In postconviction cases, a trial court has a gatekeeping role as to whether a defendant will even receive a hearing." *State v. Gondor*, 2006-Ohio-6679, ¶ 51. "In *State v. Calhoun* (1999), 86 Ohio St.3d 279, paragraph two of the syllabus, [the Supreme Court of Ohio] held that a trial court could dismiss a petition for postconviction relief without a hearing 'where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief.'" *Gondor* at ¶ 51.

5

{¶23} Mr. Lacy was not entitled to a hearing. A review of Mr. Lacy's "motion," reveals he neither set forth sufficient operative facts that established substantive grounds for relief nor did he meet the requirements of an untimely or successive motion for postconviction relief pursuant to R.C. 2953.21 or R.C. 2953.23. Mr. Lacy simply attached the sentencing hearing transcript and a copy of the docket in this case, and raised a sentencing issue, as will be addressed more thoroughly below, that he should have raised on direct appeal and that is barred by the doctrine of res judicata.

{¶24} Mr. Lacy's second assignment of error is without merit.

## Improper Sentence

{¶25} In his first assignment of error, Mr. Lacy contends the trial court abused its discretion by denying his motion to correct an improper sentence considering the documentation he submitted. More specifically, Mr. Lacy does not address his assigned error, i.e., the documentation he submitted. Instead, he makes a convoluted argument that the trial court failed to inform him his sentence was mandatory for both counts of drug trafficking, and that his sentence was inconsistent with the defendant's sentence in *State v. Shawnell*, Lawrence C.P. 19CR000102 (Oct. 9, 2019).

{¶26} "Res judicata generally bars a convicted defendant from litigating a postconviction claim that was raised or could have been raised at trial or on direct appeal." *State v. Bethel*, 2022-Ohio-783, ¶ 17. Thus, before we address whether Mr. Lacy's assignment of error has any merit, we must consider whether his challenge to his sentence is barred by the doctrine of res judicata. We review de novo whether res judicata applies to a claim or issue. *AJZ's Hauling, L.L.C. v. TruNorth Warranty Programs of North America*, 2023-Ohio-3097, ¶ 16.

Case No. 2024-A-0052

**{¶27}** "[S]entences based on an error, including sentences in which a trial court fails to impose a statutorily mandated term, are voidable if the court imposing the sentence has jurisdiction over the case and the defendant." *State v. Henderson*, 2020-Ohio-4784, ¶ 1. Thus, "if a judgment is voidable, the doctrine of res judicata bars a party from raising and litigating in any proceeding, except a direct appeal, claims that could have been raised in the trial court." *Id.* at ¶ 19. *See also State v. Hudson*, 2020-Ohio-3849, ¶ 16 (concluding that because the defendant could have, but did not, raise a claimed sentencing error on direct appeal, the error was "now barred by the doctrine of res judicata").

**{¶28}** There is no doubt the trial court possessed personal and subject-matter jurisdiction over Mr. Lacy and his case. *See State v. Harper*, 2020-Ohio-2913, ¶ 25, quoting *Smith v. Sheldon*, 2019-Ohio-1677, ¶ 8 (recognizing that "'a common pleas court has subject-matter jurisdiction over felony cases'"); *Henderson* at ¶ 36, citing *Tari v. State*, 117 Ohio St. 481, 490 (1927) (noting that "[i]n a criminal matter, the court acquires jurisdiction over a person by lawfully issued process, followed by the arrest and arraignment of the accused and his plea to the charge"). Accordingly, any error in the exercise of the court's jurisdiction renders Mr. Lacy's sentence voidable, not void. *See State v. Williams*, 2005-Ohio-4422, ¶ 11 (8th Dist.) (appellant is precluded from raising issues concerning his sentence in the context of an appeal of a denial of a motion to correct his sentence; any issue should have been raised on direct appeal); *State v. Smith*, 2022-Ohio-3374, ¶ 20 (11th Dist.) (appellant could and should have raised any issue regarding his repeat violent offender conviction and sentence on direct appeal); *State v. Gross*, 2021-Ohio-3289, ¶ 24-27 (11th Dist.) (appellant's claims of merger and consecutive sentence errors should have been raised on direct appeal).

7

{¶29} Because Mr. Lacy could have raised any issues regarding an improper sentence on direct appeal, he is barred from raising them now pursuant to the doctrine of res judicata.

{¶30} We note that even if we were to address Mr. Lacy's argument, it is without merit. As our review reveals, the trial court informed Mr. Lacy at the sentencing hearing and explicitly stated in the sentencing entry that his sentences were mandatory pursuant to statute. *See* R.C. 2925.03(C)(6)(e), "if the amount of the drug involved equals or exceeds one hundred unit doses but is less than five hundred unit doses or equals or exceeds ten grams but is less than fifty grams, trafficking in heroin is a felony of the second degree, and *the court shall impose as a mandatory prison term a second degree felony mandatory prison term.* . . . ." and R.C. 2929.14(A)(2) (eff. Oct. 17, 2017 thru Oct. 30, 2018) "[f]or a felony of the second degree, the prison term shall be two, three, four, five, six, seven, or eight years." (Emphasis added.)

{¶31} In his brief, Mr. Lacy appears to conflate consecutive sentences and mandatory sentences, however, it is apparent that the trial court also made the requisite consecutive sentence findings pursuant to R.C. 2929.14(C)(4), noting Mr. Lacy has a prior conviction for drug trafficking, which included prison time, and the instant offenses constituted a pattern of conduct. Thus, Mr. Lacy was sentenced to a mandatory four-year term of imprisonment on each count, and the trial court found the sentences should run consecutive for a total eight-year term of imprisonment.

{¶32} Mr. Lacy also misconstrues how consistency in sentencing is achieved. "Consistency in sentencing is accomplished by the trial court's consideration and application of the controlling statutory sentencing factors and guidelines in the Ohio Revised Code." *State v. Williamson*, 2024-Ohio-1599, ¶ 22 (10th Dist.). The consistency

8

requirement pursuant to R.C. 2929.11 does not mean uniformity; rather, consistency has a goal of similar sentences for similar offenses. *State v. Murphy*, 2013-Ohio-5599, ¶ 14-15 (10th Dist.). "As a result, consistency includes a range of sentences, taking into consideration a trial court's discretion to weigh the relevant statutory factors." *Id.* at ¶ 14. Even though offenses may be similar in kind, "distinguishing factors may justify dissimilar sentences." *Id.*, quoting *State v. Battle*, 2007-Ohio-1845, ¶ 24 (10th Dist.).

**{¶33}** Thus, consistency in sentencing does not result from a case-by-case comparison, but by the trial court's proper application of the statutory sentencing guidelines. *Murphy* at ¶ 15. "*An offender cannot simply present other cases in which an individual convicted of the same offense received a lesser sentence to demonstrate that his sentence is disproportionate.*" (Emphasis added.) *Id.* "Rather, to demonstrate that a sentence is inconsistent, an offender must show that the trial court did not properly consider applicable sentencing criteria found in R.C. 2929.11 and 2929.12." *Id. See also State v. Sari*, 2017-Ohio-2933, ¶ 52 (11th Dist.).

**{¶34}** In sum, Mr. Lacy's citation to the trial court's sentence in *State v. Shawnell*, Lawerence C.P. No. 19CR000102 (Oct. 19, 2019), is inapposite.[1]

**{¶35}** Mr. Lacy's first assignment of error is without merit.

**{¶36}** The judgment of the Ashtabula County Court of Common Pleas is affirmed.

EUGENE A. LUCCI, P.J.,

MATT LYNCH, J.,

concur.

---

1. We note the defendant in that case was not convicted of the same offenses as Mr. Lacy. The defendant was convicted of one count of aggravated drug trafficking, a second-degree felony, in violation of R.C. 2924.03(A)(1); and one count of trafficking in heroin, a first-degree felony, in violation of R.C. 2925.03(A)(2).

Case No. 2024-A-0052