[Cite as *State v. Parker*, 2025-Ohio-2113.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2024-T-0108 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| GEOFFREY PARKER, | |
| Defendant-Appellant. | Trial Court No. 2024 CR 00661 |

## OPINION AND JUDGMENT ENTRY

Decided: June 16, 2025
Judgment: Affirmed; remanded

*Dennis Watkins*, Trumbull County Prosecutor; *Ryan J. Sanders* and *Charles L. Morrow*, Assistant Prosecutors, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Martin Yavorcik*, 940 Windham Court, Suite 7, Youngstown, OH 44512 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Geoffrey Parker, appeals from the judgment of the Trumbull County Court of Common Pleas that sentenced him to an aggregate minimum prison term of 24 years up to a maximum prison term of 28 years following his guilty plea to three counts each of illegal use of a minor in nudity oriented material or performance and pandering sexually oriented matter involving a minor, and one count each of gross sexual imposition and pandering obscenity involving a minor. Parker challenges the trial court's imposition of consecutive sentences.

{¶2} In August 2024, a temporary protection order was filed against Parker to protect his wife and two young children. In October 2024, a Trumbull County Court of Common Pleas Grand Jury indicted Parker on 11 counts:

{¶3} Counts 1, 2, and 3: illegal use of a minor in nudity-oriented material or performance, second-degree felonies, in violation of R.C. 2907.323(A)(2) and (B);

{¶4} Counts 4 and 6: gross sexual imposition, third-degree felonies, in violation of R.C. 2907.05(A)(4) and (C)(2);

{¶5} Counts 5, 7, 9, 10, and 11, pandering sexually oriented matter involving a minor, second-degree felonies, in violation of R.C. 2907.322(A)(1) and (C); and

{¶6} Count 8, pandering obscenity involving a minor, a second-degree felony, in violation of R.C. 2907.321(A)(1) and (C).

{¶7} Later that month, Parker entered into a plea deal in which he agreed to plead guilty to Counts 1, 2, and 3, illegal use of a minor in nudity-oriented material or performance; Count 4, gross sexual imposition; Counts 5, 7, and 9, pandering sexually oriented matter involving a minor; and Count 8, pandering obscenity involving a minor.

{¶8} The State recited the factual basis for the charges at the plea hearing, which involved sexually explicit acts, videos, and images to and with his minor children, an infant and a toddler; and recreating and downloading internet-based child pornographic material.

{¶9} The court accepted Parker's guilty pleas and set the matter for a presentence investigation and a sentencing hearing.

{¶10}  In November 2024, the trial court held a sentencing hearing.  After hearing from defense counsel, Parker, Parker's wife, and the State, the trial court made specific findings for the record:

> The mental injury suffered by the victims due to the conduct of the Defendant will be exacerbated . . . because of the age of the victims.  The victims have suffered and will continue to suffer serious psychological harm. The Defendant, as a parent of the young victims, facilitated the offenses. The Defendant is likely to commit future sex crimes of the same nature.  The Defendant was a police officer for the City of Akron.  And the Defendant has a dearth of genuine remorse for the crimes committed.
>
> Mr. Parker, this Court is deeply disturbed how you entered the criminal justice system for your first time.  From police officer to criminal convict in one case.  It is hard to understand how a veteran and a police officer can do the perverted things you have done.
>
> You have ruined your family and permanently tarnished your reputation.  You did all this to gratify your own perverted sexual desires. You betrayed the deepest and most important trust a parent holds sacred. The pictures of yourself masturbating with your own daughter and son are despicable.  You are now a registered sex offender.  You will never see your kids again and you are losing your freedom.  You are the reason our society has laws for registered sex offenders.

{¶11}  The trial court made consecutive sentence findings pursuant to R.C. 2929.14(C)(4), stating:

> The Court finds pursuant to Revised Code 2929.14 that consecutive sentences are necessary to protect the public from future crime of the Defendant, that consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct, and due to the conduct of the Defendant, a single prison sentence would not adequately reflect the seriousness of the conduct of the Defendant.

{¶12}  The trial court sentenced Parker to an indefinite prison term of a minimum of eight years up to a maximum of 12 years on Count 1, illegal use of a minor in nudity-oriented material or performance; eight-year prison terms on Counts 2 and 3, illegal use of a minor in nudity-oriented material or performance; a 60-month prison term on Count

4, gross sexual imposition; eight-year prison terms on Counts 5, 7, and 9, pandering sexually oriented matter involving a minor; and an eight-year prison term on Count 8, pandering obscenity involving a minor.  The court ordered Counts 2, 3, 4, 7 and 9 to be served concurrently with each other and all other counts, and Counts 1, 5, and 8 to be served consecutively for an aggregate minimum prison term of 24 years up to a maximum prison term of 28 years.  Parker was further advised of his duty to register as a Tier II sex offender and the requirements of post-release control.

{¶13}  The trial court subsequently issued the sentencing judgment entry, which states that "[t]he prison terms imposed in Counts Two, Three, Four, Seven, and Nine shall be served concurrently to each other.  The prison terms imposed in Counts One, Five, and Eight shall be served consecutively to each other for an aggregate sentence of a minimum of twenty-four (24) years and up to a maximum term of twenty-eight (28) years."

{¶14}  Parker timely appealed and raises one assignment of error for our review:

{¶15}  "The Trial Court's imposition of consecutive sentences is disproportionate given the mitigating factors and not being the worst form of the offense in violation of the 8th Amendment."

{¶16}  In his sole assignment of error, Parker contends the trial court erred by imposing consecutive sentences because his conduct does not represent the worst form of these offenses, there is a lack of aggravating factors, and his sentence is disproportionate compared to similarly situated offenders.  Parker points to his lack of a criminal record, his prior military service, his genuine remorse, and his wife's testimony at the sentencing hearing as mitigating factors.

**{¶17}** At the outset, we note that Parker conflates the imposition of consecutive sentences and the purposes and principles of sentencing pursuant to R.C. 2929.11 and R.C. 2929.12. We construe Parker's argument within the context of the court's imposition of consecutive sentences, since that is the error he has assigned on appeal.

**{¶18}** "The court hearing an appeal [of a felony sentence] shall review the record, including the findings underlying the sentence or modification given by the sentencing court." R.C. 2953.08(G)(2). "The standard to be applied is the standard set forth in the statute: an appellate court has the authority to increase, reduce, otherwise modify, or vacate a sentence only after it has reviewed the entire trial-court record and 'clearly and convincingly f[ound] either . . . [t]hat the record does not support the sentencing court's findings under [certain statutes including R.C. 2929.14(C)(4)]' or '[t]hat the sentence is otherwise contrary to law.'" *State v. Jones*, 2024-Ohio-1083, ¶ 13, citing R.C. 2953.08(G)(2); *accord State v. Marcum*, 2016-Ohio-1002, ¶ 1 ("an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law").

**{¶19}** R.C. 2929.41 creates a statutory presumption in favor of concurrent sentences, providing, in pertinent part, that "[e]xcept as provided in . . . division (C) of section 2929.14, . . . a prison term . . . or sentence of imprisonment shall be served concurrently with any other prison term . . . or sentence of imprisonment imposed by a court of this state . . . ." R.C. 2929.41(A). R.C. 2929.14(C)(4), in turn, provides, "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively" if it finds (1) "the

Case No. 2024-T-0108

consecutive service is necessary to protect the public from future crime or to punish the offender"; (2) "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public"; and (3) any of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶20} The Supreme Court of Ohio has held that "[i]n order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell*, 2014-Ohio-3177, ¶ 37. The trial court is not required "to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Id.* Otherwise, the imposition of consecutive sentences is contrary to law. *See id.*

{¶21} In addition, "as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* at ¶ 29. "In other words, 'If the court has properly made the required findings in order to impose consecutive

Case No. 2024-T-0108

sentences, we must affirm those sentences unless we "clearly and convincingly" find "[t]hat the record does not support the court's findings[.]"'" *State v. Haynes*, 2022-Ohio-4464, ¶ 48 (11th Dist.), quoting *State v. Venes*, 2013-Ohio-1891, ¶ 19 (8th Dist.), quoting R.C. 2953.08(G)(2)(a).

{¶22} Because Parker failed to object to the trial court's imposition of consecutive sentences at the sentencing hearing, he has forfeited all but plain error review on appeal. "When the record demonstrates that the trial court failed to make the findings required by R.C. 2929.14(C)(4) before imposing consecutive sentences . . ., the appellant's sentence is contrary to law and constitutes plain error." (Citation omitted.) *State v. Haworth*, 2020-Ohio-1326, ¶ 40 (11th Dist.).

{¶23} Before we address Parker's assigned error, we note that while the trial court made the appropriate consecutive sentence findings pursuant to R.C. 2929.14(C)(4), it did not state the last portion of the second required finding, that consecutive sentences are "not disproportionate . . . to the danger [Parker] poses to the public." It is apparent the court engaged in the proper analysis, noting the extremely young age of Parker's children, the serious psychological harm they will continue to suffer, the likelihood of him committing these types of offenses in the future, and the disturbing nature of his offenses. "'[T]he trial court's failure to employ the phrase 'not disproportionate to the . . . danger [appellant] poses to the public' does not mean that the trial court failed to engage in the appropriate analysis and failed to make the required finding.'" *State v. Chaney*, 2016-Ohio-5437, ¶ 11 (2d Dist.), quoting *State v. Hargrove*, 2015-Ohio-3125, ¶ 21 (10th Dist.). In other words, "'[f]inding that consecutive sentences are necessary to protect the public when it is apparent that the court has also considered the proportionality of the sentence

Case No. 2024-T-0108

to the conduct is virtually the same as finding that consecutive sentences are not disproportionate to the danger the offender poses to the public.'" *Id.*, quoting *State v. Polhamus*, 2014-Ohio-145, ¶ 29, (2d Dist.). *See also State v. Arcuri*, 2016-Ohio-8254, ¶ 90 (11th Dist.) (the trial court's consideration of the proportionality of the appellant's sentence was demonstrated by the court's findings of several factors rendering his conduct more serious); *State v. Williams*, 2024-Ohio-5999, ¶ 16 (11th Dist.) (while the trial court did not explicitly state that consecutive sentences were not disproportionate to the seriousness of the appellant's conduct and to the danger the appellant poses to the public, it is clear from the trial court's statements that it extensively considered the appellant's past and current conduct).

{¶24} Although Parker contends the court did not consider his wife's testimony urging for rehabilitation instead of incarceration, the trial court stated on the record that it had done so. Contrary to Parker's argument that his service as a veteran and a police officer should be viewed as mitigating factors, the trial court conversely found Parker's crimes more offensive because of his positions of public trust. And, while Parker takes issue with his aggregate sentence, "[n]owhere does the appellate-review statute direct an appellate court to consider the defendant's aggregate sentence. Rather, the appellate court must limit its review to the trial court's R.C. 2929.14(C)(4) consecutive-sentence findings." *State v. Glover*, 2024-Ohio-5195, ¶ 43.

{¶25} Parker also contends his sentence is "disproportionate" to similarly situated offenders; however, this is a consistency argument that falls under R.C. 2929.11 and R.C. 2929.12 rather than R.C. 2929.14(C)(4). In any case, "consistency in sentencing does not result from a case-by-case comparison, but by the trial court's proper application of

the statutory sentencing guidelines." *State v. Lacy*, 2024-Ohio-5258, ¶ 33 (11th Dist.). "An offender cannot simply present other cases in which an individual convicted of the same offense received a lesser sentence to demonstrate that his sentence is disproportionate." (Emphasis deleted.) *Id.*, quoting *State v. Murphy*, 2013-Ohio-5599, ¶ 15 (10th Dist.). "'Rather, to demonstrate that a sentence is inconsistent, an offender must show that the trial court did not properly consider applicable sentencing criteria found in R.C. 2929.11 and 2929.12.'" *Id.*, quoting *Murphy* at ¶ 15. *See also State v. Sari*, 2017-Ohio-2933, ¶ 52 (11th Dist.).

{¶26} Because the trial court made the proper findings pursuant to R.C. 2929.14(C)(4) when it imposed consecutive sentences, there is no plain error and Parker's assignment of error is without merit.

{¶27} However, there is a discrepancy between the consecutive sentence findings the trial court made at the sentencing hearing (R.C. 2929.14(C)(4)(b)) and those stated in the sentencing judgment entry (R.C. 2929.14(C)(4)(c)). In *State v. Palmer*, 2023-Ohio-2719 (3d Dist.), an analogous case, the Third District determined this is a clerical error that does not necessitate a full resentencing hearing. *Id.* at ¶ 15. The court explained, "[a] review of the record indicates the trial court made the necessary consecutive-sentencing findings at the sentencing hearing. However, the judgment entry of sentence does not accurately reflect the consecutive-sentencing findings made at the sentencing hearing. Accordingly, the trial court's error in journalizing the consecutive-sentencing findings can be corrected by nunc pro tunc entry." *Id.*

{¶28} There is also a discrepancy between the sentence imposed at the hearing and the trial court's entry; i.e., the sentencing entry should have stated that Counts 2, 3,

Case No. 2024-T-0108

4, 7, and 9 shall be served concurrently with each other *and to* Counts 1, 5, and 8 for an aggregate sentence of 24 years up to 28 years in prison.

**{¶29}** Thus, we remand this matter for the trial court to issue a nunc pro tunc sentencing judgment entry reflecting the consecutive sentence findings and the sentence it imposed at the sentencing hearing. "A trial court may enter a nunc pro tunc order 'to reflect its true actions so that the record speaks the truth.'" *Krueger v. Krueger*, 2024-Ohio-2863, ¶ 114 (11th Dist.), quoting *Estate of Shury v. Cusato*, 2024-Ohio-2066, ¶ 25 (8th Dist.).

**{¶30}** The judgment of the Trumbull County Court of Common Pleas is affirmed, and this matter is remanded for the trial court to issue a nunc pro tunc sentencing entry.

ROBERT J. PATTON, P.J.,

JOHN J. EKLUND, J.,

concur.

Case No. 2024-T-0108

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellant's assignment of error is without merit.  It is the judgment and order of this court that the judgment of the Trumbull County Court of Common Pleas is affirmed, and this matter is remanded for the trial court to issue a nunc pro tunc sentencing entry.

Costs to be taxed against appellant.

_____
JUDGE MATT LYNCH

_____
PRESIDING JUDGE ROBERT J. PATTON,
concurs

_____
JUDGE JOHN J. EKLUND,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate
pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2024-T-0108